1  DOUGLAS D. SHAFTEL
   Assistant Attorney General
2  PO Box 40113
   Olympia, WA 98504-0113
3  (360) 753-1614

4

5

6

7

8  **UNITED STATES DISTRICT COURT**
   **WESTERN DISTRICT OF WASHINGTON**
   **AT TACOMA**

9

10  NICHOLAS G. JENKINS, individually,          NO.
    INTERNET COMMUNITY &
11  ENTERTAINMENT CORP. (d/b/a                  NOTICE OF REMOVAL TO
    BETCHA.COM), a Washington                   FEDERAL COURT (FEDERAL
12  corporation,                                QUESTION)

13                        Plaintiffs,

14       v.

15  WASHINGTON STATE GAMBLING
    COMMISSION; THE STATE OF
16  WASHINGTON; RICK DAY, in his
    official and individual capacities;
17  SHARON REESE, in her official and
    individual capacities; RICK
18  HERRINGTON, in his official and
    individual capacities; LEE STREITZ, in
19  his official and individual capacities;
    KAREN REA, in her official and
20  individual capacities; AMY HUNTER, in
    her official and individual capacities;
21  MIKE BURT, in his official and
    individual capacities; JOHN LANE, in
22  his official and individual capacities;
    MARTY BROWN, in his official and
23  individual capacities; RICHARD
    MITCHELL, in his official and individual
24  capacities; KING COUNTY, a
    Washington municipality; STACI
25  CONNOLE, in her official and individual
    capacities; THE STATE OF
26  LOUISIANA; LOUISIANA STATE
    POLICE GAMING ENFORCEMENT;

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA  98504-0113
(360) 753-6126    Facsimile:  (360) 586-6847

| 1 | ASCENSION PARISH, a Louisiana municipality; ROBIN O'BANNON, in |
|---|---|
| 2 | her official and individual capacities; MATT SINANAN, in his official and |
| 3 | individual capacities; ROCK SCHENXNAYDRE, in his official and |
| 4 | individual capacities; RHETT TRAHAN, in his official and individual capacities; |
| 5 | JANE DOES, in their official and individual capacities; and JOHN DOES, |
| 6 | in their official and individual capacities, |
| 7 | Defendants. |

8

9  TO:          CLERK OF THE ABOVE-ENTITLED COURT

    AND TO:      GEORGE TELQUIST, PLAINTIFFS' COUNSEL
10               Telquist Ziobro McMillen, PLLC
                 1333 Columbia Park Trail, Suite 110
11               Richland, WA 99352

12  AND TO:      GEORGE PITCHER, COUNSEL TO ROBIN O'BANNON AND
                 ASCENSION PARISH
13               Williams Kastner & Gibbs
                 601 Union Street, Suite 4100
14               Seattle, WA 98101-2380

15  AND TO:      KRISTOFER BUNDY, COUNSEL TO KING COUNTY AND STACI
                 CONNOLE
16               King County Prosecuting Attorney's Office
                 900 King County Administration Building
17               500 Fourth Avenue
                 Seattle, WA 98104
18

19          PLEASE TAKE NOTICE that Defendant Richard Mitchell hereby removes to this

20  court the state court action described below.

21          1.      On June 8, 2010, a complaint was filed in the Superior Court of Washington

22  for Thurston County, Cause No. 10-2-01270-0 entitled *Nicholas Jenkins, d/b/a Betcha.com v.*

23  *Washington State Gambling Commission, et al.*

            2.      **Nature of Case.**   Generally, Plaintiffs Nicholas Jenkins and Internet
24

25  Community & Entertainment Corp. (d/b/a Betcha.com) allege that, through their enforcement

26  actions related to Internet gaming law in the states of Washington and Louisiana, defendants

NOTICE OF REMOVAL TO                        2                    ATTORNEY GENERAL OF WASHINGTON
FEDERAL COURT                                                          Transportation & Public Construction Division
                                                                              7141 Cleanwater Drive SW
                                                                                   PO BOX 40113
                                                                              Olympia, WA  98504-0113
                                                                       (360) 753-6126    Facsimile:  (360) 586-6847

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

violated Plaintiffs' civil rights and due process rights under federal law.  Of the 24 causes of action Plaintiffs plead, only six arise under state law.  The remainder arise under 42 U.S.C. § 1983 or the U.S. Constitution.

  3. **Timely Removal Notice**.  Mr. Mitchell is currently employed with the Summit Law Group in Seattle, Washington.  He first learned that he was a named defendant in this case via email on July 1, 2010.  The email did not include a copy of the complaint.  Although a process server first contacted Mr. Mitchell about availability for service on July 1, 2010, the process server did not provide Mr. Mitchell with a copy of the complaint until July 12, 2010.  *See* Affidavit of Douglas Shaftel Re Removal to Federal Court (Shaftel Aff.), Exhibit A.  This notice of removal is timely as it was filed within 30 days of receipt by Mr. Mitchell, through service or otherwise, of the complaint.  No defendants have filed pleadings in the state court action other than notices of appearance.

  4. **State Court Record.**  The following pleadings, available in the Thurston County Clerk's Office case file, encompass all of the pleadings received or filed in this action to date:

  a) Summons

  b) Complaint

  c) Notice of Appearance of Douglas D. Shaftel

  d) Notice of Appearance of Kristofer J. Bundy

  e) Notice of Appearance of George S. Pitcher

  f) Affidavits of Non-Residence for Rhett Trahan, Louisiana State Police Gaming Enforcement, State of Louisiana, Matt Sinanan, Ascension Parish, Rock Schinxnaydre, Robin O'Bannon, Lee Streitz, and Sharon Reese.

NOTICE OF REMOVAL TO
FEDERAL COURT

3

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA  98504-0113
(360) 753-6126    Facsimile:  (360) 586-6847

g) Declarations and Proof of Service on Washington State Gambling Commission, Washington State Attorney General's Office, Rick Day, John Lane, Richard L. Herrington, Karen Rea, and Lee Streitz.

In compliance with 28 U.S.C. § 1446(a), attached are copies of all process, pleadings, and orders received in this case.

5.      **Authority.**  This is a civil action over which this court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343, and may be removed to this court under 28 U.S.C. § 1441(b) as it is a civil action founded on a claim or right arising under federal law.

6.      **Unanimity.**  All named defendants that have been served a copy of the complaint have consented to removal to federal court.  Shaftel Aff. ¶¶ 5-7.  Based upon a search of the pleadings filed in Thurston County Superior Court, it appears that Louisiana defendants State of Louisiana, Louisiana State Police Gaming Enforcement, Ascension Parish, Matt Sinanan, Rock Schenxnaydre, Dean Coates, and Rhett Trahan (missing from Complaint's caption) have not been served.  Shaftel Aff. ¶ 6.

7.      **Venue.**  Venue in the Western District is appropriate as many of the acts that give rise to plaintiff's lawsuit are alleged to have occurred in King County, Washington which is located in the Western District of Washington.  This action was originally filed in Thurston County Superior Court; therefore, this case is properly removed to the Tacoma division of the United States District Court of the Western District of Washington.

8.      **Notice.**  Written notice of the filing of this Notice of Removal will be given to plaintiffs and to the other defendants in this action, together with a copy of the Notice of Removal and supporting papers to plaintiffs and the Superior Court of Washington, County of Thurston, as required by 28 U.S.C. § 1446(d).

9.      **Reservations.**  Defendant reserves all rights and defenses, including Eleventh Amendment immunity, and this notice is made without conceding proper service on any

NOTICE OF REMOVAL TO
FEDERAL COURT

4

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA  98504-0113
(360) 753-6126   Facsimile:  (360) 586-6847

1    defendant or waiving Washington State's sovereign immunity or any other defenses it may

2    have in response to this lawsuit.

3        DATED this 30th day of July, 2010.

4

5                                ROBERT M. MCKENNA
                                 Attorney General

6                                s/Douglas D. Shaftel
7                                DOUGLAS D. SHAFTEL, WSBA #32906
                                 Assistant Attorney General
8                                Attorneys for Defendants State of Washington,
                                 Washington State Gambling Commission, Rick
9                                Day, Sharon Reese, Rick Herrington, Lee Streitz,
                                 Karen Rea, Amy Hunter, Mike Burt, John Lane,
10                               Marty Brown, and Richard Mitchell.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL TO                  5                ATTORNEY GENERAL OF WASHINGTON
FEDERAL COURT                                          Transportation & Public Construction Division
                                                       7141 Cleanwater Drive SW
                                                       PO BOX 40113
                                                       Olympia, WA  98504-0113
                                                       (360) 753-6126    Facsimile:  (360) 586-6847

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2010, I presented the Notice of Removal to Federal Court and Affidavit of Douglas Shaftel Re Removal to Federal Court to the Clerk of the Court for filing and uploading to the CM/ECF system.  The parties were served with the aforementioned pleadings as follows:

| | |
|---|---|
| George E. Telquist | George@tzmlaw.com (via hand delivery and email) |
| George S. Pitcher | gpitcher@wkg.com (via email only) |
| James L. Robenalt | jrobenalt@williamskastner.com (via email only) |
| Kristofer Bundy | kris.bundy@kingcounty.gov (via email only) |

DATED this 30th day of July, 2010.


s/*Douglas D. Shaftel*
DOUGLAS D. SHAFTEL, WSBA #32906
Assistant Attorney General
Attorneys for Defendants

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA  98504-0113
(360) 753-6126    Facsimile:  (360) 586-6847

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10  JUN -8  P1 :24

BETTY J. GOULD CLERK

BY_____
                                    DEPUTY

10-2-01270 0

# CASE TYPE 2

_____ COUNTY SUPERIOR COURT

### CASE INFORMATION COVER SHEET

Case Number _____ Case Title _____

Attorney Name _____ Bar Membership Number _____

Please check **one** category that best describes this case for indexing purposes.  Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources.  Cause of action definitions are listed on the back of this form.  Thank you for your cooperation.

**APPEAL/REVIEW**
___ Administrative Law Review  (ALR 2)
___ Appeal of a Department of Licensing Revocation (DOL 2)
___ Civil, Non-Traffic  (LCA 2)
___ Civil, Traffic  (LCI 2)

**CONTRACT/COMMERCIAL**
___ Breach of Contract  (COM 2)
___ Commercial Contract  (COM 2)
___ Commercial Non-Contract  (COL 2)
___ Third Party Collection  (COL 2)

**MERETRICIOUS RELATIONSHIP**
___ Meretricious Relationship  (MER 2)

**DOMESTIC VIOLENCE/ANTIHARASSMENT**
___ Civil Harassment  (HAR 2)
___ Domestic Violence  (DVP 2)
___ Foreign Protection Order  (FPO 2)
___ Vulnerable Adult Protection  (VAP 2)

**JUDGMENT**
___ Abstract Only  (ABJ 2)
___ Foreign Judgment  (FJU 2)
___ Judgment, Another County  (ABJ 2)
___ Judgment, Another State  (FJU 2)
___ Tax Warrant  (TAX 2)
___ Transcript of Judgment  (TRJ 2)

**OTHER COMPLAINT/PETITION**
___ Action to Compel/Confirm Private Binding Arbitration (MSC 2)
___ Change of Name  (CHN 2)
___ Deposit of Surplus Funds  (MSC 2)
___ Emancipation of Minor  (EOM 2)
___ Injunction  (INJ 2)
___ Interpleader  (MSC 2)
___ Malicious Harassment  (MHA 2)

___ Minor Settlement (No guardianship) (MST 2)
___ Petition for Civil Commitment (Sexual Predator)(PCC 2)
___ Seizure of Property from Commission of Crime (SPC 2)
___ Seizure of Property Resulting from a Crime  (SPR 2)
___ Subpoenas  (MSC 2)

**PROPERTY RIGHTS**
___ Condemnation  (CON 2)
___ Foreclosure  (FOR 2)
___ Land Use Petition  (LUP 2)
___ Property Fairness  (PFA 2)
___ Quiet Title  (QTI 2)
___ Unlawful Detainer  (UND 2)

**TORT, MEDICAL MALPRACTICE**
___ Hospital  (MED 2)
___ Medical Doctor  (MED 2)
___ Other Health Care Professional  (MED 2)

**TORT, MOTOR VEHICLE**
___ Death  (TMV 2)
___ Non-Death Injuries  (TMV 2)
___ Property Damage Only  (TMV 2)

**TORT, NON-MOTOR VEHICLE**
___ Asbestos  (PIN 2)
___ Other Malpractice  (MAL 2)
___ Personal Injury  (PIN 2)
___ Products Liability  (TTO 2)
___ Property Damage  (PRP 2)
___ Wrongful Death  (WDE 2)

**WRIT**
___ Habeas Corpus  (WHC 2)
___ Mandamus  (WRM 2)
___ Restitution  (WRR 2)
___ Review  (WRV 2)

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW**

_Miscellaneous_

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10  JUN -8  P1 :24

BETTY J. GOULD CLERK

BY_____
                    DEPUTY

THURSTON COUNTY SUPERIOR COURT
BETTY J GOULD
THURSTON COUNTY CLERK
OLYMPIA WA

10-2-01270-0

| Rcpt. Date | Acct. Date | Time |
|------------|------------|------|
| 06/08/2010 | 06/09/2010 | 01:23 PM |

| Receipt/Item # | Tran-Code | Docket-Code |
|----------------|-----------|-------------|
| 2010-04-07589/01 | 1100 | $FFR |
| Cashier: NRB | | |

Paid By: Telquist, Ziobro
Transaction Amount:          $230.00

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10   JUN -8   P1 :24

BETTY J. GOULD CLERK

BY _____
                    DEPUTY

```
+-------------------------------------------+
|  SUPERIOR COURT OF WASHINGTON             |
|      FOR THURSTON COUNTY                   |
+-------------------------------------------+
|                                           |
| _____          |
|                    Plaintiff/Petitioner,  |
|        vs.                                 |
| _____          |
|                    Defendant/Respondent   |
+-------------------------------------------+
```

NO.    10-2-01270-0

NOTICE OF ASSIGNMENT/ (NTAS)
NOTICE OF STATUS CONFERENCE    (NTC)

TO:    THURSTON COUNTY CLERK
       ATTORNEYS/LITIGANTS

PLEASE TAKE NOTICE:

1.    That the above-noted case is assigned to:

       **The Honorable Thomas McPhee**

2.    That the Status Conference is scheduled for 9:00 a.m. September 10, 2010.

Dated this  8th day of June, 2010.

> *All parties should be familiar with Local Civil Rule 16(d) which*
> *requires in part that parties or lead counsel attend and that the*
> *parties or counsel shall communicate with each other concerning*
> *the case schedule order before the status conference.*

THURSTON COUNTY SUPERIOR COURT
2000 LAKERIDGE DRIVE SW
OLYMPIA  WA  98502
(360) 786 - 5560

NOTICE OF ASSIGNMENT/
NOTICE OF STATUS CONFERENCE

3

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10  JUN -8  P 1 :24

BETTY J. GOULD CLERK

BY_____
                                    DEPUTY

1

2

3

4

5

6

7

8

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THURSTON COUNTY

9

10

11

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

Case No.:    **10 - 2 - 01270  0**

**SUMMONS**

12

Plaintiffs,

13

v.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; KAREN
REA, in her official and individual
capacities; AMY HUNTER, in her official
and individual capacities; MIKE BURT, in
his official and individual capacities; JOHN
LANE, in his official and individual
capacities; MARTY BROWN, in his official
and individual capacities; RICHARD
MITCHELL, in his official and individual
capacities; KING COUNTY, a Washington
municipality; STACI CONNOLE, in her
official and individual capacities; THE
STATE OF LOUISIANA; LOUISIANA
STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official

**Summons**
**Page 1 of 3**

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

and individual capacities; ROCK
SCHENXNAYDRE, in his official and
individual capacities; RHETT TRAHAN, in
his official and individual capacities; JANE
DOES, in their official and individual
capacities; and JOHN DOES, in their official
and individual capacities.

_____ Defendants.

TO THE DEFENDANTS:

A lawsuit has been started against you in the above-entitled court by the above-named

Plaintiff.  The claim of the Plaintiff is stated in the written Complaint, a copy of which is served

upon you with this Summons.

In order to defend against the lawsuit, you must respond to the Complaint by stating

your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within

twenty (20) days after the date of this Summons was served on you, excluding the day of

service, or within sixty (60) days, if this Summons was served outside the State of Washington,

or a default judgment may be entered against you without notice.  A default judgment is one

where Plaintiff is entitled to what they ask for because you have not responded.  If you serve a

Notice of Appearance on the undersigned attorney, you are entitled to notice before a default

judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court.  If you do so, the

demand must be in writing and must be served upon the Plaintiff.  Within fourteen (14) days

after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on

you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly

so that your written response, if any, may be served on time.

Summons
Page 2 of 3

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

**DATED** this __4__ day of June, 2010.

TELQUIST ZIOBRO McMILLEN, PLLC

By:_____
              **GEORGE E. TELQUIST**, WSBA #27203
              *Attorney for Plaintiff*

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

44

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10  JUN -8  P1 :24

BETTY J. GOULD CLERK

BY _____
DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THURSTON COUNTY**

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

                              Plaintiffs,

v.

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; KAREN
REA, in her official and individual
capacities; AMY HUNTER, in her official
and individual capacities; MIKE BURT, in
his official and individual capacities; JOHN
LANE, in his official and individual
capacities; MARTY BROWN, in his official
and individual capacities; RICHARD
MITCHELL, in his official and individual
capacities; KING COUNTY, a Washington
municipality; STACI CONNOLE, in her
official and individual capacities; THE
STATE OF LOUISIANA; LOUISIANA
STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official
and individual capacities; ROCK
SCHENXNAYDRE, in his official and

Case No.:    **10 - 2 - 01270  0**

**COMPLAINT**

Complaint
Page 1 of 44

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

1  individual capacities; RHETT TRAHAN, in
   his official and individual capacities; JANE
2  DOES, in their official and individual
   capacities; and JOHN DOES, in their official
3  and individual capacities.

4
                                    Defendants.
5

6                          **I.  INTRODUCTION**

7      1.1    No doubt this Court is familiar with the idea that America is a nation of laws, not

8  of men.  This case tests whether that ideal is still true.

9
       1.2    The general gist is that, for approximately one month in 2007, plaintiff Nicholas
10
   G. Jenkins ran a peer-to-peer betting platform called Betcha.com (think Ebay meets Facebook in
11
   Las Vegas).  The Georgetown Law-educated entrepreneur researched the law himself and
12
   designed Betcha specifically to comply with Washington gambling law.  Bettors could bet on
13
   anything that came to mind so long as someone else was willing to accept their terms.  The
14
   patent-pending site was honor-based; bettors were not required to pay if they lost as per The
15
   Site's rules – if they did not, they risked receiving negative feedback, which future betting
16
   opponents would use to gage their likelihood of payment. Betcha was thus a prediction- rather
17
   than promise-based business model.
18
       1.3    Jenkins did not get the Washington State Gambling Commission's (the
19
   "Commission") permission before launching The Site, however, and that proved to be a life-
20
   altering mistake.  The Commission and several of its operatives were none too pleased that
21
   Jenkins launched a business so close to its turf and ordered him to shut The Site down.  When
22
   Jenkins declined the Commission's invitation and then asked it to reconsider, Commission
23
   officials enlisted their counterparts at the Louisiana State Police Gambling Enforcement Division
24
   (the "LSPGED"), a group they had previously teamed with in their respective wars on online
25

26

27

28

Complaint
Page 2 of 44
                          TELQUIST ZIOBRO McMILLEN, PLLC
                              1333 Columbia Park Trail, Suite 110
                                 Richland, Washington  99352
                                    PH:  509.737.8500
                                    FAX:  509.737.9500

gambling.  When Jenkins filed a declaratory judgment action after the Commission formally ordered him to shut down Betcha.com, the LSPGED went into action.  The LSPGED charged Jenkins with violating *Louisiana's* online gambling law, a felony punishable by up to five years in a Louisiana state prison.  Until a single LSPGED officer acting bet on The Site, however, no one in the Bayou State had ever so much as listed or accepted *a single wager* on the-then days old Site.  Betcha's total take: *seventy cents*.  Because of these actions, which included the allegation that Jenkins violated the GBCL in Ascension Parish and fled the Bayou state on or about July 23, 2007 even though, in fact, he had not been there since 1994, Jenkins was incarcerated three times.  In two states.  Over seventy cents.  Back in Washington the Commission continued its war against Betcha, going so far as to contact Betcha's vendors with the idea of destroying Betcha's business relationships.

  1.4  Seventeen months, lots of legal fees, a considerable "settlement" and three trips to jail in two states later, the Washington Court of Appeals ruled that Jenkins was right all along. *Internet Community & Entertainment Corp. v. Washington State Gambling Commission*, 148 Wn. App. 2d 795 (Div.2 2009).  And not in ambiguous terms. It held that there was "no logical basis" to believe customers on Betcha were "gambling" under either state- or common law; implied that to conclude otherwise would be an "unlikely, absurd or strained" result; noted that the "essence" of gambling was missing from The Site; and rejected the Commission's reading of the statute as reading into the law words that weren't there.  The Commission appealed its loss to the Washington State Supreme Court.  Oral argument is scheduled for May 27, 2010.

  1.5  Having lost a perfectly legal business and been to jail three times in two states because he had the temerity to stand up to the government, Jenkins bring this suit on behalf of himself and Betcha in to recover compensatory and punitive damages in connection with:

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

1.5.1   The Commission's initial cease and desist order, which effectively wiped out a perfectly legal business;

1.5.2   The Commission's search of Betcha's office and seizure of Betcha's- and his personal property -- property which, as of this writing, it has declined to return;

1.5.3   The Commission's purported enforcement of unconstitutional laws against Betcha and Jenkins;

1.5.4   The Commission's enlisting of the LSPGED after Jenkins, on behalf of Betcha, hired a lawyer to petition the agency to reconsider its closure decision;

1.5.5   The LSPGED's and Ascension Parish's enforcement of Louisiana's gambling by computer law against Jenkins, a law which is both unconstitutional on its face and unconstitutional as applied and which didn't apply to him in any case;

1.5.6   The issuance by the LSPGED of a press release detailing Jenkins's arrest by Louisiana police – an arrest which never happened;

1.5.7   Jenkins incarceration at King County Jail on or about August 20, 2007 – an incarceration that came after a King County Prosecutor represented in writing and in open court that Jenkins had "fled" Louisiana on or about July 23, 2007 (patently false);

1.5.8   Jenkins's incarceration at Ascension Parish Jail in Gonzales, Louisiana on or about October 10, 2007; and

1.5.9   The release of Jenkins's photo by Ascension Parish to local media in Louisiana, which published it on their website.

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

## II. PARTIES

2.1    Plaintiff Nicholas G. Jenkins is the founder and former Chief Executive Officer of Plaintiff Internet Community & Entertainment Corp.  He owns 736,000 of 941,998 of the outstanding shares in the company. He is a resident of the State of Washington and operated his business therein.  The Company owns and operates Betcha.com.

2.2  The Company's value was materially depreciated by the retaliatory and unconstitutional acts of Defendants.

2.3    Defendant State of Washington is a government entity

2.4    Defendant Washington State Gambling Commission (the "Commission") is an agency created by Washington statute.  It is headquartered in Lacey, WA.  In all actions alleged in this complaint, the Commission acted under color of state law.

2.5    Defendant Rick Day is the Director of the Commission.  He is believed to be a resident of Thurston County, WA.  He is and has been responsible for the promulgation and implementation of policies, procedures, and practices at the Commission.  All acts committed by him within the course and scope of his employment were done on behalf of Defendant Commission.  All acts committed or omitted by him without authority were done in his individual capacity.  In all actions alleged in this complaint, Day acted under color of state law.  Plaintiffs sue Day in his individual and official capacities.

2.6    Defendant Rick Herrington is a law enforcement officer with the Commission.  He is believed to be a resident of Thurston County, WA.  All acts committed by him within the course and scope of his employment were done on behalf of Defendant Commission.  All acts committed or omitted by him without authority were done in his individual capacity.   In all

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington  99352
PH:  509.737.8500
FAX:  509.737.9500

actions alleged in this complaint, Herrington acted under color of state law. Plaintiffs sue Herrington in his individual and official capacities

2.7     Defendant Sharon Reese was a Deputy Director with the Commission at the time the incidents giving rise to this suit occurred. She is no longer with the Commission. All acts committed by her within the course and scope of his employment were done on behalf of Defendant Commission. All acts committed or omitted by her without authority were done in his individual capacity. In all actions alleged in this complaint, Reese acted under color of state law. Plaintiffs sue Reese in her individual and official capacities

2.8     Defendant Lee Streitz was an enforcement agent with the Commission. He is no longer with the Commission and is believed to be a resident of Arizona. All acts committed by him within the course and scope of his employment were done on behalf of Defendant Commission. All acts committed or omitted by him without authority were done in his individual capacity. In all actions alleged in this complaint, Streitz acted under color of state law. Plaintiffs sue Streitz in his individual and official capacities.

2.9     Defendant Mike Burt was an enforcement agent with the Commission. He is no longer with the Commission. He is believed to be a resident of Thurston County, WA. All acts committed by him within the course and scope of his employment were done on behalf of Defendant Commission. All acts committed or omitted by him without authority were done in his individual capacity. In all actions alleged in this complaint, Burt acted under color of state law. Plaintiffs sue Burt in his individual and official capacities

2.10    Defendant Karen Rea is an enforcement agent with the Commission. She is believed to be a resident of Thurston County, WA. All acts committed by her within the course and scope of her employment were done on behalf of Defendant Commission. All acts

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

committed or omitted by her without authority were done in her individual capacity.   In all actions alleged in this complaint, Rea acted under color of state law.   Plaintiffs sue Rea in her individual and official capacities

2.11    Defendant Amy Hunter is an employee of the Commission.   She is believed to be a resident of Thurston County, WA.   All acts committed by her within the course and scope of her employment were done on behalf of Defendant Commission.   All acts committed or omitted by her without authority were done in her individual capacity.    In all actions alleged in this complaint, Hunter acted under color of state law.   Plaintiffs sue Hunter in her individual and official capacities

2.12    Defendants John and Jane Does 1-50 and others not presently known to Jenkins were, at all times material to this Complaint, employees of the Washington State Gambling Commission.

2.13    Defendant King County is a municipality of the State of Washington.   It is not an arm of the State of Washington.

2.14    Defendant Staci Connole is a deputy District Attorney for King County.   She is believed to be a resident of King County, Washington.   All acts committed or omitted by that give rise to her liability in this action were done in a non-prosecutorial capacity.   Plaintiffs sue Connole in her official- and individual capacities.   In all actions alleged in this complaint, Connole acted under color of state law.

2.15    Defendant State of Louisiana is a government entity

2.16    Defendant Ascension Parish is a municipality of the State of Louisiana.

Complaint
Page 7 of 44

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

2.17    Defendant Louisiana State Police Gaming Enforcement Division (the "LSPGED") is a government entity. In all actions alleged in this complaint, the LSPGED acted under color of state law.

2.18    Defendant Matt Sinanan is a law enforcement official with the LSPGED. Plaintiffs sue Sinanan in his individual and official capacities. In all actions alleged in this complaint, Sinanan acted under color of state law.

2.19    Defendant Rock Schexnaydre is a law enforcement official with the LSPGED. Plaintiffs sue Schexnaydre in his individual and official capacities. In all actions alleged in this complaint, Schexnaydre acted under color of state law.

2.20    Defendant Rhett Trahan is a law enforcement official with the LSPGED. Jenkins sues Trahan in his individual and official capacities. In all actions alleged in this complaint, Trahan acted under color of state law.

2.21    Defendants John and Jane Does 51-99 and others not presently known to Plaintiffs were, at all times material to this Complaint, duly appointed officers of the LSPGED

2.22    Defendant Robin O'Bannon is a Deputy District Attorney in Ascension Parish. All acts committed or omitted by that give rise to her liability in this action were done in a non-prosecutorial capacity. Jenkins sues O'Bannon in her individual and official capacities. In all actions alleged in this complaint, O'Bannon acted under color of state law.

## III. JURISDICTION AND VENUE

3.1    The Court has jurisdiction over the parties and subject matter of this action.

## IV. STATEMENT OF FACTS

*Background: Betcha.com*

4.1    Jenkins Nick Jenkins is a former lawyer turned businessman and entrepreneur.

Complaint
Page 8 of 44

4.2    In 2005, Jenkins founded Internet Community & Entertainment Corp. ("ICE" or "the Company") and raised $540,000 on a pre-money valuation of $3 million over the next several months.

4.3    Jenkins currently owns approximately 80% of the Seattle-based company. ICE's principal property was a patent-pending, peer-to-peer betting website called Betcha.com ("Betcha" or "The Site") – an Ebay for bets.

4.4    The Site's principal advantage was that bettors could bet on anything they could think of – sports, politics, pop culture, the over/under on the next stimulus package, etc. -- and do so on their own odds and terms. So long as they could think of it and another person somewhere in the world was interested, they could bet.

4.5    The Site had two big competitive drawbacks from a bettor's standpoint. First, because Betcha did not take active positions against its customers, a would-be bettor was not guaranteed that someone would accept his offer. Second, bettors had the right to opt out of their bets, even after they lost; they did so on the chance that their opponents would leave them negative feedback. It was that feedback that future betting partners would use to gage whether a person would pay his losses.

4.6    To bet on The Site, customers had to agree to its Terms of Service, which stated that bettors were under no obligation to pay their losses.

4.7    The Site contained no fewer than seven reminders that the rules did not require bets be paid.

*The Washington State Gambling Commission Orders Betcha to Shut Down*

4.8    Betcha.com opened for business on June 8, 2007.

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

4.9    It was a "soft launch" – the Company hoped to spend the first few weeks hammering out bugs based on feedback the Company hoped to receive from friends and family who used The Site.  Betcha did not even issue a press release about The Site's launch.

4.10    On June 18, 2007, officials at defendant Washington State Gambling Commission learned about The Site.

4.11    Three days later, the Commission's Streitz and a colleague named Frey showed up at Betcha's offices.

4.12    Streitz told Jenkins that the law was a "matter of interpretation" and that the Commission had decided Betcha.com was illegal.

4.13    No one at the Commission did any legal research whatsoever in arriving at this conclusion.

4.14    Streitz advised Jenkins that the Commission – in particular, Defendant Hunter -- had concluded that, regardless of whether a person retained the right not to pay his losses, "gambling" occurred once a person actually paid his loss.

4.15    Streitz further advised Jenkins that he should have asked the Commission before opening The Site.

4.16    Streitz ordered Jenkins to close The Site and turn over any revenues made therefrom.

4.17    Jenkins informed him that the Company had not even issued a press release about The Site's opening, that The Site had only been open for a few days, that it had been being used almost exclusively by friends and company insiders to work the bugs out, and that, accordingly, Betcha's revenues were negligible.

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

4.18   A few days later, the Company hired a law firm to represent it in its dealing with the Commission.  The firm notified, *inter alia*, Defendants Reese and Herrington, of its representation on June 26, 2007 and the parties set up a meeting soon thereafter.

4.19   The next day, the Commission received word it had lost a separate case against a Washington company called ZDI Gaming.  Judge Christine Pomeroy ruled that the Commission had acted "arbitrarily and capriciously" in interpreting one of its own regulations.

4.20   Later that week, Defendant Herrington reconfirmed the Betcha meeting with Betcha's lawyers by e-mail – twice.

4.21   On July 5, 2007, Defendant Herrington or Burt, or somebody working at the former's instruction, contacted Defendant Matt Sinanan at the Louisiana State Police Gaming Enforcement Division to advise it of Betcha's existence.

4.22   Prior to Herrington's contact, Sinanan had never so much as *heard of* Betcha.com.

4.23   Herrington advised Sinanan that WSGC officials would be meeting with Jenkins the following day to again order him to shut The Site down, this time with a formal cease and desist notice.

4.24   On July 6, 2007, Jenkins and Betcha's counsel met with Defendants Reese and Herrington at the Commission's offices to discuss Betcha.com.

4.25   During the meeting, Herrington told Jenkins he was lucky he was not in jail.

4.26   When asked what bothered her about The Site, Defendant Reese responded "just everything."

4.27   Reese handed Jenkins a formal cease and desist order, alleging that Betcha violated RCW's 9.46.0269(1)(a)-,(c)- and (d) (various forms of professional gambling) and RCW 9.46.240 (transmitting gambling information over the Internet).

Complaint
Page 11 of 44

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington  99352
PH:  509.737.8500
FAX:  509.737.9500

4.28    The cease and desist order was pre-written.

4.29    Betcha's counsel then handed Reese a copy of a declaratory judgment complaint against the Commission, which counsel said he would file immediately after the meeting.

4.30    At one point Reese stated that it would "be interesting to see how this turns out" because the Commission was "working with two other states" on the Betcha matter.

4.31    As of the date of this Complaint, Plaintiffs have been unable to ascertain the identity of the second state.

4.32    Betcha's counsel filed the complaint as promised and sent Reese, Herrington and other Commission officials an e-mail confirmation of that filing later that afternoon. Reese confirmed receipt thereof that day.

*The Commission Turns Things Into Overdrive*

4.33    Soon after Jenkins left the Commission's office, Defendant Burt informed Sinanan about the aforementioned lawsuit.

4.34    Defendant Sinanan thereafter began betting on The Site. Sinanan first accessed The Site the day before, but did not bet.

4.35    At all times, Sinanan used a fake identity, in violation of The Site's Terms of Service.

4.36    Sinanan was the first person in Louisiana to have ever offered or accepted a bet on The Site.

4.37    Over the next few days Sinanan made four bets, none of which he was required to pay, for a total of $35.

4.38    Betcha's gross revenues from the Sinanan bets: seventy cents.

Complaint
Page 12 of 44

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

4.39    Louisiana law enforcement officials have issued arrest warrants for persons all over the world for allegedly violating its online gambling law.

4.40    None of them were actually physically present in Louisiana.

4.41    Jenkins and fellow Betcha employees Josie Imlay and Peter Abrahamsen are the first Americans they have captured.

4.42    In 2006, however, a British business executive was arrested in New York as a fugitive from Louisiana.  Like Jenkins, Sportingbet's Peter Dicks was not physically in Louisiana.  Mr. Dicks and three of his colleagues eventually agreed to pay $400,000 in fines in exchange for Louisiana dropping the warrants.

4.43    The Commission worked with the LSPGED on the Sportingbet matter and shared in the proceeds therefrom.

4.44    On Saturday July 7, 2007, less than twenty-four hours after learning of Betcha's declaratory judgment action and just a few days before the restraining order hearing was scheduled, Defendants Streitz, Herrington and Rea obtained a search warrant *ex parte* from Thurston County Judge Paula Casey.

4.45    In obtaining the warrant, Defendants did not mention numerous facts known to them that the Washington Court of Appeals later found exonerated Betcha and Jenkins of any wrongdoing, *inter alia*: that in order to use The Site, bettors on Betcha had to agree to the rules of The Site, which gave bettors the right to opt out of their bets, even after they lost them; and that The Site contained numerous reminders and warnings that losing bettors were not required to pay their losses as per The Site's rules.

4.46    In the *ex parte* discussions with Judge Casey, Defendants not mention that Betcha had filed a declaratory judgment action just hours earlier.

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington  99352
PH:  509.737.8500
FAX:  509.737.9500

4.47    Defendants buried a brief reference to Betcha's filing the day before in their nine-page, single-spaced warrant application.

*The Commission Raids Betcha.com's Office*

4.48    Two days after applying for the search warrant, Commission officials raided Betcha's Seattle offices.

4.49    The Commission seized Betcha's business records, marketing materials, and much of its computer equipment.

4.50    Rather than marking their take as "evidence" for a later trial, the WSGC marked it as "seized with intent to forfeit."

4.51    Jenkins's wife stopped by the office during the raid, their then two-month old daughter in tow.  When she mentioned to Defendant Herrington that it looked like a judge would render the ultimate determination, Herrington responded several times that "it doesn't matter what a judge says."

4.52    Herrington also reiterated Streitz's point that Jenkins "should have asked (the Commission) first."

4.53    Later that day, Shannon Garvin, the lawyer at the Commission assigned to the Betcha matter, looked at The Site with a critical eye.  This marked the first time a person formally trained in the law at the Commission had looked at The Site in detail.

4.54    As of the date of the raid (July 9), no one at the Commission had done any legal research whatsoever in re: the Betcha matter.

4.55    On and between July 8 and 11, 2007 Jenkins published several blog entries on his Betcha.com blog wherein he was openly critical of the Commission's enforcement tactics.  He

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

1    compared its shoot-first-ask-questions-later approach to notorious totalitarian regimes of the

2    past.

3        4.56    At minimum, Commission Defendants Herrington and Streitz were aware of

4    Jenkins's criticisms.

5        4.57    On or about July 10, 2007, Thurston County District Court Judge Christine

6    Pomeroy denied Betcha's motion for an injunction against further enforcement action by the

7    Commission on the grounds that it had already done all there was to do against Betcha.

8        4.58    In doing so, Judge Pomeroy declined to address the merits of the Gambling Act as

9    applied to Betcha and specifically noted that the Commission may be called to answer for its

10   actions if they were proven wrong down the road.

11       4.59    Jenkins shut the betting portion of The Site down soon thereafter pending the

12   outcome of the declaratory judgment action.

13       4.60    Betcha's counsel informed Defendant Reese of said shut down on or about July

14   13, 2007.

15       4.61    No one at the Commission notified anyone at the LSPGED that Betcha had, in

16   fact, shut down the betting portion of The Site.

17       4.62    The Commission, at minimum Streitz and Herrington, were aware of Jenkins's

18   criticisms of their actions when they made the decision not to inform the LSPGED of Betcha's

19   closure.

20       4.63    Later that week, while Betcha's declaratory judgment action was pending, the

21   Commission initiated forfeiture proceedings on its take from the raid pursuant to RCW 9.46.231.

22       4.64    In the weeks ahead, Jenkins continued to update the public about the Betcha case

23   on the blog section of The Site.  In many instances he was openly critical of the Commission's

**Complaint**
**Page 15 of 44**

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

enforcement tactics, criticism about which the Commission Defendants, at minimum Herrington and Streitz, were well aware.

*Louisiana and King County Step It Up –*
*the Commission Begins to Have Second Thoughts*

4.65    In Louisiana, the LSPGED continued to move full speed ahead despite the fact that Jenkins had shut down the betting portion of The Site.  On or about July 23, Sinanan allegedly applied for arrest warrants for Jenkins and two other Company employees, 24-year old Chief Technology Officer Josie Imlay and 24-year old server administrator Peter Abrahamsen (collectively, the "Betcha Three").

4.66    Sinanan alleged in writing that they had violated Section 90.3(F) of the Louisiana Revised Statutes.  That statute authorizes riverboat gambling in Louisiana.

4.67    Sinanan actually meant to allege that they had violated Section 90.3(E) of the Louisiana Revised Statutes.  That section provides as follows:

> Whoever designs, develops, manages, supervises, maintains, provides, or produces any computer services, computer system, computer network, computer software, or any server providing a Home Page, Web Site, or any other product accessing the Internet, World Wide Web, or any part thereof offering to any client for the primary purpose of the conducting as a business of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit shall be fined not more than twenty thousand dollars, or imprisoned with or without hard labor, for not more than five years, or both.

4.68    At the time the Louisiana legislature passed Section 90.3(E), there were no known persons physically present in Louisiana "design(ing)," "develop(ing)," "manag(ing)," "supervise(ing)," "maintain(ing)," "provid(ing)," or "produc(ing)" the type of website described therein.

4.69    Neither the LSPGED nor any of the LSPGED defendants have ever known of persons who "design(ed)," "develop(ed)," "manag(ed)," "supervise(ed)," "maintain(ed),"

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

"provid(ed)" or "produc(ed)" the type of website described in Section 90.3(E) while physically present in Louisiana.

4.70    Sinanan's paperwork stated that the place of violation was "Ascension Parish."

4.71    None of the Betcha Three had ever *heard* of, let alone set foot in, Ascension Parish.

4.72    Sinanan was motivated to shut down Betcha.com, in part, because he did not care for Betcha's fee structure. Specifically, Sinanan objected to the fact that Betcha charged both sides of a wager for a portion of the matching fees. Traditional bookmakers, by contrast, charge only the loser.

On or about July 23, 2007, Sinanan allegedly obtained a signed warrant for Jenkins's arrest from a judge in the 23rd judicial district of Louisiana. The warrant stated that Jenkins was wanted for violating "LRS 14:90:3 Gambling By Computer (F)" -- a provision authorizing riverboat gambling.

4.73    The signature on said "warrant" was illegible, and there was no written notation of the alleged judge's name.

4.74    On or about August 15, 2007, Defendant Herrington informed Betcha's counsel that the Betcha Three were wanted as fugitives by Louisiana authorities.

4.75    Upon learning he was a wanted man, Jenkins surrendered himself at King County Jail.

4.76    He was released the next day of his own recognizance by Judge Norman Chow after refusing to waive extradition.

4.77    As of the date of the Chow hearing, Ascension Parish had no record of these alleged warrants.

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

4.78     Thereafter, Jenkins expanded his public criticism to include not only the Commission but the State of Louisiana and the LSPGED. He also expanded his public criticism to the radio via numerous appearances on talk radio shows. The Commission Defendants – at minimum Streitz, Herrington, Burt and Day -- and Louisiana Defendants – at minimum Trahan, Sinanan and O'Bannon -- were well aware of Jenkins' criticism.

4.79     In addition, the Company's Seattle-based counsel was in regular communication with the Louisiana prosecutor on the case, Defendant O'Bannon.

4.80     On August 17, 2007, the LSPGED issued a press release stating that Louisiana police had arrested the Betcha Three.

4.81     The press release implied the Betcha Three had been in Louisiana.

4.82     This was not true.

4.83     Jenkins was not arrested by Louisiana police – he self surrendered at King County Jail.

4.84     Neither Abrahamsen nor Imlay, who *were* arrested, had *ever* been to Louisiana.

4.85     All the while, Jenkins continued to make the fight public. He appeared several times on 710 KIRO talk radio (The Dori Monson- and Dave Ross Shows) and published several commentaries on his Betcha.com blog questioning the propriety of both Louisiana's and the Commission's actions.

4.86     Defendants kept close tabs on all of Jenkins's protected criticisms. On August 17, defendant Burt complained to defendants Herrington, Day, Sinanan and Trahan that Jenkins was "bashing" the Commission and Louisiana on the public airwaves.

4.87     Soon thereafter, O'Bannon, Ascension Parish, the LSPGED and certain Commission Defendants enlisted the King County Prosecutors Office to its cause.

Complaint
Page 18 of 44

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

4.88    Sometime soon before August 20, 2007, O'Bannon was in communications with prosecutors at the King County Prosecutor's Office about the Betcha matter, including, but not limited to, assistant prosecutor Defendant Stacy Connole.

4.89    Up to and through this time, O'Bannon was in regular communications with the LSPGED Defendants – at minimum Sinanan – about the Betcha matter.

4.90    Soon thereafter, at a status report hearing at the King County Jail, Defendant Connole, acting as per the practice and custom of King County prosecutors, stated in writing that Jenkins had been in Louisiana "on or about July 23, 2007" and "thereafter fled" the State.

4.91    Connole's stated fact was not true: Jenkins was not in Louisiana on or about July 23, 2007 and, therefore, did not "fle(e)" therefrom.

4.92    At the time she materially misled the court, neither Connole nor anyone at the King County Prosecutor's Office had any intention of bringing criminal charges against Jenkins.

4.93    Connole urged that Jenkins be held without bail because, in her view, Jenkins had no intention of going "back" to Louisiana to face charges.

4.94    Judge Arthur Chapman, having been told by Connole that Jenkins had fled Louisiana less than a month earlier, ordered him arrested as he stood in open court.  He was freed the next day on $50,000 bail.

4.95    The court denied Connole's request for no bail.

4.96    The matter was brought to Connole's attention by Defendant O'Bannon and/or certain Commission Defendants and/or certain LSPGED Defendants to be determined for the express purpose of having Jenkins incarcerated without bail for four purposes: (1) to silence him, (2) to force him to waive extradition which, at that time, was not a foregone conclusion, (3) to

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington  99352
PH:  509.737.8500
FAX:  509.737.9500

punish him for his numerous public criticisms, and (4) to punish him for making a comment on his blog that O'Bannon believed were disparaging to Southerners.

4.97    Despite all this, the Commission began to show signs that, upon reflection, it had acted prematurely.

4.98    The week after Jenkins's second incarceration, the Commission filed a motion to strike Betcha's summary judgment motion in the declaratory judgment action.   The stated reason: the Commission needed additional time to conduct discovery and get a better understanding of both Betcha.com *and* Washington's gambling law.  This, almost three months *after* it initially ordered Betcha shut down.

4.99    Thurston County Judge Gary Tabor granted that request.

4.100    While the Commission's lawyers were busy reflecting, its enforcers were turning up the heat.

4.101    Despite being involved in discovery with Betcha, Commission officials issued subpoenas to numerous financial institutions with which Betcha and Jenkins were associated.

4.102    Commission enforcers, at minimum Day, Herrington and Streitz, hoped to insure that Betcha's professional relationships would be in such disrepair that it would be all but impossible for Betcha to get back into business in the event it prevailed in its declaratory judgment action.

4.103    The Commission also shared with the LSPGED and O'Bannon many of the business records it had seized during its July 9 raid.  Among the records were documents that listed the names and addresses of all of Betcha's investors, and a document that revealed the name of Jenkins's wife.

Complaint
Page 20 of 44

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

4.104   The Commission shared this information so that Defendant O'Bannon could use the threat of their arrest(s) to extract the highest possible monetary "settlement" from Jenkins.

4.105   The Commission Defendants knew that Jenkins's wife had nothing to do with the operation of Betcha.com during the limited time bettors could wager thereon  (June-July 2007).

4.106   The Commission had no evidence tying Jenkins's wife to the operation of Betcha.com during the limited time bettors could wager thereon (June-July 2007).

4.107   On or about September 4, 2007, Louisiana Governor Kathleen Blanco signed O'Bannon's extradition requests.

4.108   The paperwork alleged that Jenkins's crime was committed "in this State," i.e., Louisiana.

4.109   On or about October 2, 2007, Defendant O'Bannon was still unsure whether Governor Gregoire would extradite three Washingtonians to Louisiana while their hearing on the merits was scheduled just four weeks away.

4.110   That same day, O'Bannon offered to give the Betcha Three thirty days to report to Louisiana on their own without arrest.

4.111   That same day the *Seattle Post-Intelligencer* ran an article on the Betcha.com matter wherein Jenkins was quoted as taking issue with Washington and Louisiana's enforcement tactics.

4.112   Defendants were aware of said article and its contents.

4.113   On or about October 5, 2007, Washington Governor Gregoire signed the extradition papers.

4.114   The Governor's Warrant of Arrest and Extradition, which was prepared either by Mitchell, Lane or Brown, stated that Jenkins was charged "with the crime of illegal Gambling by

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

Computer"; had committed the crime "in the Parish of Ascension"; was a "fugitive from justice" who had "taken refuge" in Washington; or had "committed an act intentionally resulting in the crime" having occurred in Louisiana.

4.115   None of this was true.

4.116   Governor Gregoire's signature came after Defendant Day met with Lane, Brown and Mitchell to lobby for the extradition.

4.117   At the time they recommended that Governor Gregoire sign Jenkins's extradition paperwork, Lane, Brown and Mitchell knew the origin of and motive behind the LSPGED's interest in The Betcha Three.

At the time they recommended that Governor Gregoire sign Jenkins's extradition paperwork, Lane, Brown and Mitchell knew that the declaratory judgment hearing, which would determine the underlying legality of The Site under Washington law, was scheduled for just a few weeks away.

4.118   On or about October 9, 2007, Jenkins learned of Governor Gregoire's decision.

4.119   O'Bannon, with Governor Gregoire's signature in hand, pulled her previous October 2 offer.

4.120   Now fully aware that not even their own governor would protect them, The Betcha Three faced an unenviable choice.  Either they could wait indefinitely in King County Jail until Louisiana police came to take them to Louisiana clad in orange jail garb on a public plane.  Or they could flee *to* Ascension Parish on Jenkins's dime and seek a remedy (i.e., this civil suit) later.  They chose the latter.

4.121   They were released the next day from Ascension Parish Jail after Jenkins posted a $7,200 *cash* bond.

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington  99352
PH:  509.737.8500
FAX:  509.737.9500

4.122   Acting at the behest of the LSPGED, the Ascension Parish Jail released their mug shots to a local television station, which published them on its website.

4.123   Jenkins eventually agreed to pay a sizable fine in exchange for a deferred prosecution.

4.124   At one point during local counsels' efforts to reduce the fine, O'Bannon threatened that if Betcha did not agree to the maximum fine allowed by law, she would seek the extradition of Jenkins's wife.

4.125   Jenkins successfully completed his diversionary program in December 2008.

4.126   The Commission, by now weary of Jenkins's public criticism, upgraded its treatment of Betcha.

4.127   Whereas before it had only intended to stop Betcha from operating and sell its take from the July 9 seizure to turn a quick profit, it now hoped to have Jenkins (and possibly some or all of Betcha's former employees and/or investors) prosecuted in Washington.

4.128   On October 25, 2007, the Commission's Burt obtained employment records for all Betcha's employees from Washington's Employment Security Department.

4.129   Unlike the July 9 loot, which was marked "seized with intent to forfeit," this evidence was marked "Evidence."

4.130   On or about October 30, 2007, the Commission finally filed its brief on the merits in the declaratory judgment action.  The Commission asserted, *inter alia*, that in defining "gambling information" (RCW 9.46.0245), the legislature did not "incorporate" the definition of "gambling" therein. (In ordering Betcha to cease and desist, the Commission alleged it had violated RCW 9.46.240, which makes the transmission of "gambling information" punishable by up to five years in prison.)

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

4.131   Said interpretation was, like many others the Commission made in the course of its efforts against Betcha, erroneous to the point of being text free.[1]

*The Courts Rule on Betcha's Declaratory Judgment Action*

4.132   On or about November 8, 2007, Thurston County District Court Judge Gary Tabor ruled that Betcha violated the gambling laws as the Commission alleged.

4.133   To get to that result, Judge Tabor ruled that the rule of lenity, which applies to the interpretation of criminal statutes, did not apply to this case because it was, at that time, a civil matter.

4.134   The Commission did not raise this argument in its briefing.

4.135   In December 2007, Betcha filed a timely notice of appeal.

4.136   Betcha filed its appellate brief soon thereafter.

---

[1] RCW 9.46.0245 defines "gambling information" as "any wager made in the course of and any information intended to be used for professional gambling." RCW 9.46.0213, in turn, defines "professional gambling" as follows:

(1) A person is engaged in "professional gambling" for the purposes of this chapter when:

(a) Acting other than as a player or in the manner authorized by this chapter, the person knowingly engages in conduct which materially aids any form of gambling activity; or

(b) Acting other than in a manner authorized by this chapter, the person pays a fee to participate in a card game, contest of chance, lottery, or other gambling activity; or

(c) Acting other than as a player or in the manner authorized by this chapter, the person knowingly accepts or receives money or other property pursuant to an agreement or understanding with any other person whereby he or she participates or is to participate in the proceeds of gambling activity; or

(d) The person engages in bookmaking; or

(e) The person conducts a lottery; or

(f) The person violates RCW **9.46.039**.

(Emphasis added.)

**Complaint**
**Page 24 of 44**

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington  99352
PH:  509.737.8500
FAX:  509.737.9500

4.137  On or about February 1, 2008, the Commission sought a 30-day extension to file its reply given what it described as "the unusual and complex nature of (Betcha's) claims" as they related to the "unique statutory scheme set forth in Washington's Gambling Act."

4.138  The Court granted the Commission's request.

4.139  On or about February 10, 2009, the Washington Court of Appeals reversed. *Internet Community & Entertainment Corp. v. Washington State Gambling Commission*, 148 Wn. App. 795,  201 P.3d 1045 (Wn.App.2009).

4.140  The Court held that bettors on Betcha.com were not gambling under either Washington- or law, just as Plaintiffs had maintained since the beginning; that there was "no logical basis" to conclude that the legal definition of "gambling" (148 Wn. App. at 809) was met; that at least one of the Commission's foundational arguments required it to read into the statute language that wasn't there (*id*.); and that the "essence" of gambling was missing from The Site. (*Id*.)

4.141  The Court implied that to hold otherwise would be an "unlikely, absurd (and/or) strained" result.  (*Id*. at 803.)

4.142  It also held that, because neither "bookmaking" nor "gambling" was present, Betcha was not engaged in "professional gambling" and thus did not violate any of the other statutes it was alleged to have violated.  (*Id*. at 810-11.)

*The Cover Up*

4.143  In June 2009, Jenkins made public records requests pursuant to both Washington- and Louisiana law.  The responses were not altogether thorough.

4.144  Defendant O'Bannon simply refused to produce the requested documents.

Complaint
Page 25 of 44

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington  99352
PH:  509.737.8500
FAX:  509.737.9500

4.145  Defendant Connole, on whose word Jenkins was arrested and held on $50,000 bail and who said in writing and in open court that Jenkins had fled Louisiana on July 23, allegedly had no record of the case whatsoever, and no e-mails, either.

4.146  Other offices/agencies/individuals that did respond cherry-picked their productions.

4.147  The LSPGED produced at least parts of the Betcha arrest file, but produced no e-mails between LSPGED officials and officials at the WSGC, the King County Prosecutor's Office, and the Ascension Parish District Attorney's Office.

4.148  When pressed, the LSPGED official in charge of the records request told Jenkins that Sinanan told him he had deleted "any and all emails" "after the conclusion of the investigation and prosecutions (sic)."

4.149  Sinanan destroyed these e-mails despite knowing that he had lied to one judge about the Betcha matter (i.e., in stating that the "place of violation" was "Ascension Parish") – and that Jenkins had called Louisiana out publicly because of it.

4.150  Sinanan *did* save and produce several e-mails he had received from Betcha that he felt were evidence of *Betcha's* criminal activity.

4.151  The records requests were not without fruit, however.  The LSPGED produced, *inter alia*, two compact discs allegedly containing the totality of the Betcha file that Sinanan had not destroyed.  Among the files was a digital screenshot of Jenkins's blog entries on Betcha.com – the very criticisms the Commission- and Louisiana Defendants wanted stopped.

4.152  The files were created on or about August 20, 2007 – the same day King County prosecutors urged that Jenkins be held in King County Jail without bail.

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

4.153   Sinanan was literally filming Jenkins's public criticism of Louisiana – and holding his criticism, all of which was accurate, against him.

4.154   The Commission, too, produced audio files of Jenkins's appearances on Seattle talk radio programs.

## V.  LIABILITY

### FIRST CAUSE OF ACTION
**Against Defendants State of Washington, the Commission, Streitz, Burt, Hunter, Herrington, Reese, Rea and Day – Section 1983 -- Denial of Constitutional Right to Operate a Lawful Business Free of Arbitrary Government Interference**

5.1   Jenkins has a right to operate a lawful business free of government interference without due process of law.

5.2   Said right is a privilege protected by the Fifth and Fourteenth Amendments and is actionable under Section 1983.

5.3   Defendants Commission, Streitz, Burt, Hunter, Herrington, Reese, Rea and Day deprived Jenkins of this right by ordering him to cease and desist operating The Site before they fully understood either The Site, the law it alleged Jenkins and Betcha had violated, or the application of fact to law.

5.4   Defendants' actions were an example of a practice at the Commission whereby the Commission's actions were more a function of whether they disliked the interested party as the law itself. Defendants' misconduct has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

### SECOND CAUSE OF ACTION
**Right to be Free from Enforcement of Unconstitutional Laws – Against Defendants Herrington, Day, Streitz, Rea, Hunter, Burt, Reese, the Commission and the State of Washington – Section 1983**

5.5   Jenkins has a right to be free of the enforcement of unconstitutional laws.

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

5.6    Said right is protected by the Fifth Amendment and applies against the states by virtue of the Fourteenth Amendment.    Defendants violated this right.

5.7    Specifically: Section 9.46.240, which makes it a Class C felony to, *inter alia*,

5.8    Defendants' conduct directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
**Against Defendants State of Washington, the Commission, Streitz, Herrington, Hunter, Burt, Rea, Reese and Day – Section 1983 -- Denial of Due Process Right to a Neutral Hearing Before Deprivation of Property Interest**

5.9    Jenkins had a procedural due process right to a hearing by a neutral party prior to being ordered to cease and desist the operation of his lawful business.

5.10    Said right is protected by the Fifth and Fourteenth Amendments of the United States Constitution.  Defendants violated that right by ordering Jenkins to cease and desist the operation of Betcha.com without a neutral, pre-deprivation hearing.

5.11    Defendants' misconduct has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

### FOURTH CAUSE OF ACTION
**Abuse of Process – Against Defendants State of Washington, the Commission, Day, Reese, Herrington, Streitz, Rea, Burt, Hunter and John and Jane Does 1-99**

5.12    Plaintiffs had a right to operate a lawful business free from abuse of process.

5.13    Defendants abused the legal process to achieve an end they knew or should have known they could not achieve otherwise – namely, the ruination of Betcha.com.  Specifically, the WSGC Defendants knew or should have known their order to shut Betcha down was done without adequate understanding of either the facts or the law.  Nevertheless, they ordered Betcha shut down, obtained a search warrant obtained through deceit, raided Betcha's offices before Betcha could physically obtain injunctive relief, and then initiated a civil forfeiture action against

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

its take.  The purpose of this action was to guarantee that Betcha would be out of business for several years, thereby insuring the ultimate ruination of Betcha.com, regardless of the law. NUM Defendants' misconduct has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

## FIFTH CAUSE OF ACTION
### Negligence – Against Defendants State of Washington, Washington State Gambling Commission, Day, Reese and John and Jane Does 1-99

5.14    Defendants Day, Reese and John and Jane Does 1-99 had a duty to supervise and adequately train Commission officials on the proper standard of interpretation it was required to apply to the Gambling Act, as well as the Act's legal reach.  Defendants Day, Reese and John and Jane Does 1-99 breached that duty by failing to act as an ordinary agency director would, i.e., by failing to instruct Commission employees as to the reach of the Agency's jurisdiction; and by failing to adequately control and supervise Commission employees.

5.15    Defendant's negligence has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

## SIXTH CAUSE OF ACTION
### Negligent Investigation – Against Defendants the Commission, Day, Reese, Burt, Rea, Hunter, Herrington and Streitz

5.16    Defendants Commission, Reese, Streitz, Herrington and Day had an affirmative duty to thoroughly investigate Betcha.com and take basic steps necessary to understand the law before ordering Betcha shut down.

5.17    They failed to do so.

5.18    This failure to investigate fell below the minimum acceptable standard in the industry and was therefore negligent.  Had Defendants done the appropriate diligence – or *any* diligence, for that matter -- they would have realized that Betcha.com was not illegal.

Complaint
Page 29 of 44

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

5.19    Defendant's negligence has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

## SEVENTH CAUSE OF ACTION
### Fifth and Fourteenth Right to be Free from Harassment – Against Defendants State of Washington, the Commission, Herrington, Day, Burt, Rea, Hunter, Reese and Streitz

5.20    Jenkins has a right to pursue a legal occupation.

5.21    Said right is protected by the Fifth- and Fourteenth Amendments.

5.22    Jenkins further has a right to be free from conduct by law enforcement designed to harass and, ultimately, force him out of business. Defendants violated this right. Specifically: certain Commission Defendants called in the LSPGED at a time when it was still unclear whether the Commission would be able to shut Betcha down. The Commission knew that Betcha had hired legal representation and was seeking injunctive relief to allow it to remain in operation.

5.23    Although motivated by retaliation (see Eleventh Cause of Action), the Commission brought in the LSPGED to serve as an insurance policy – that is, in the event Betcha somehow was able to keep in operation, the LSPGED would put Betcha out of business by putting its founder and employees in jail, in part, by alleging they were fugitives from Louisiana. All this, despite the fact that the Commission – in particular Streitz and Herrington -- had reason to believe that the two-week old website had not had customers from Louisiana.

5.24    Defendants' misconduct has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

## EIGHTH CAUSE OF ACTION
### Fourth- and Fourteenth Amendment Right to be Free From Unreasonable Searches and Seizures – Section 1983 -- Against Defendants State of Washington, the Commission, Streitz, Herrington, Rea, Burt, Hunter, Reese and Day

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

5.25    Jenkins's right against unreasonable searches is protected by the Fourth- and Fourteenth Amendments of the United States Constitution and, thus, Section 1983.

5.26    Defendants deprived Jenkins of that right. Specifically: in applying for the original search warrant, Defendants had a duty to disclose evidence known to them that would exonerate Jenkins from the wrongdoing alleged.

5.27    Although said Defendants knew or should have known about several disclaimers made on Betcha.com that demonstrated Betcha's customers were not gambling as defined by Washington law, it disclosed none of them when applying for the warrant. Defendants knew or should have known that their charges were not based on probable cause, but made them anyway.

5.28    Similarly, Defendants knew or should have known that incorrectly referring to Betcha as an Internet gambling operation created the unnecessary danger of an unlawful search. Defendants' misconduct has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

### NINTH CAUSE OF ACTION
**Conspiracy to Deprive Plaintiffs of Civil Rights – Section 1983 – Against Defendants State of Washington, the Commission, Day, Reese, Herrington, Streitz, Rea, Burt, Hunter, John and Jane Does 1-50, the LSPGED, Sinanan, Trahan, and John and Jane Does 51-99**

5.29    Jenkins possesses a due process right under the Fifth- and Fourteenth Amendments of the United States Constitution to be free from retaliation by persons acting under the color of law because of the former's exercise of a privilege and/or immunity of law.

5.30    Conspiring to punish the exercise of said privilege is actionable under 42 USC 1983.

5.31    Jenkins had a right to operate a lawful business under the Fifth Amendment. Defendants Day, Reese, Herrington, Burt, Hunter, Streitz, Rea, John and Jane Does conspired to prevent Jenkins from operating a business they knew or should have known was lawful.

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

5.32    Said Defendants further violated that right by conspiring with Defendants in Louisiana (LSPGED, Trahan, Sinanan, and Schexnaydre) to retaliate against Jenkins for, *inter alia*, refusing to shut The Site down.

5.33    Defendants' misconduct has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

## TENTH CAUSE OF ACTION
**Conspiracy to Deprive Plaintiffs of Civil Rights – Section 1983 – Against Defendants State of Washington, the Commission, Day, Reese, Herrington, Streitz, Rea, Burt, Hunter, John and Jane Does 1-50, the LSPGED, Sinanan, Trahan, Schexnaydre and John and Jane Does 51-99**

5.34    Jenkins possesses a due process right under the First- and Fourteenth Amendments of the United States Constitution to be free from retaliation by persons acting under the color of law because of the former's petitioning of the government.

5.35    Conspiring to punish the exercise of said privilege is actionable under 42 USC 1983.

5.36    Jenkins had a right to petition the WSGC, first by asking them to reconsider their shut down order and then by bringing a declaratory judgment action against them.   Defendants Day, Reese, Herrington, Burt, Hunter, Streitz, Rea, John and Jane Does conspired to deny him this right when they told the LSPGED (and particularly, Sinanan) to come after Jenkins after, on behalf of Betcha, he informed them of his intent to file suit.  Defendants informed Sinanan of this fact.

5.37    Defendants' misconduct has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

## ELEVENT CAUSE OF ACTION
**Conspiracy to Deprive Plaintiffs of Civil Rights – Section 1983 – Against Defendants State of Washington, the Commission, Day, Reese, Herrington, Streitz, Rea, Burt, Hunter, King**

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington  99352
PH:  509.737.8500
FAX:  509.737.9500

**County, Connole, John and Jane Does 1-50, the LSPGED, Sinanan, Schexnaydre, Trahan, Ascension Parish, O'Bannon and John and Jane Does 51-99**

5.38    Jenkins possesses a due process right under the Fifth- and Fourteenth Amendments of the United States Constitution to be free from retaliation by persons acting under the color of law because of the former's exercise of a privilege and/or immunity of law.

5.39    Conspiring to punish the exercise of said privilege is actionable under 42 USC 1983.

5.40    Jenkins had a right to under the First Amendment to criticize the government without fear of retaliation.   Defendants Day, Reese, Herrington, Burt, Hunter, Rea, Streitz, John and Jane Does, Sinanan, Trahan, Schexnaydre and O'Bannon conspired to punish Jenkins from openly criticizing both Washington- and Louisiana for their conduct in the Betcha matter.  Said punishment came in the form of Jenkins's August 20, 2007 incarceration in King County Jail, which was obtained after Connole represented in writing to Judge Arthur Chapman that Jenkins had "fled" Louisiana on or about July 23, 2007.  Connole knew or should have known this statement was false.

5.41    Defendants' misconduct has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

### TWELVTH CAUSE OF ACTION
### Neglect to Prevent Deprivation of Civil Rights – Against Defendants Day and Reese – Section 1986

5.42    Jenkins possesses a due process right under the Fifth- and Fourteenth Amendments of the United States Constitution to be free from retaliation by persons acting under the color of law.

5.43    A failure to prevent said retaliation is actionable under 42 USC 1986.

Complaint
Page 33 of 44

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

5.44    Assuming they did not actually participate in the decision to recruit the LSPGED (Sinanan, Trahan, Schexnaydre) and/or King County for the Commission's retaliatory purposes, Defendants Day and Reese were in a position to prevent the above-mentioned instances of retaliation, but neglected or refused to do so.

5.45    Defendants' misconduct has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

## THIRTEENTH CAUSE OF ACTION
**Deprivation of Due Process Right Against Punishment Based on Unreasonable Reading and Application of Statutes -- 42 U.S.C. §1983 -- Against Defendants State of Washington, the Commission, Day, Reese, Herrington, Hunter, Burt, Rea, Streitz, LSPGED and Sinanan**

5.46    Jenkins possesses a due process right under the Fifth- and Fourteenth Amendments of the United States Constitution to be free from punishment based on unreasonable applications of the law by persons acting under color of state law.

5.47    Deprivations of said right are actionable under Section 1983.

5.48    The Commission Defendants deprived Jenkins of said right by reading into the Revised Code of Washington provisions that did not exist, reading out of the Revised Code of Washington provisions that *did* exist, and generally applying several provisions of Washington's gambling law that clearly did not cover Betcha.com.

5.49    Based on its clearly erroneous reading of the law and equally erroneous application of law to fact, the Commission Defendants enlisted the aid of Defendant LSPGED with the intent to punish Jenkins.

5.50    The Commission Defendants who had worked with the LSPGED before, knew that enlisting the LSPGED would result in, at minimum, Jenkins's incarceration and considerable cost to the latter defending against manufactured charges in Louisiana.

Complaint
Page 34 of 44

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

5.51    Defendants' conduct directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at trial.

## FOURTEENTH CAUSE OF ACTION
### Deprivation of Fifth- and Fourteenth Amendment Due Process Right to be Free From Retaliation for Exercise of Constitutional Rights – Against Defendants State of Washington, the Commission, Day, Herrington, Reese, Burt, Rea, Streitz and John and Jane Does 1-50.

5.52    Jenkins has a constitutional due process right not to be retaliated against on the basis of his exercise of his constitutional rights.

5.53    The defendants named in this cause of action violated that right. Specifically, upon learning that Jenkins and Betcha intended to petition the Commission to reconsider its June 20 shut down order, the named Defendants retaliated against him by reporting Betcha's existence to the Louisiana Defendants – specifically the LSPGED and Sinanan. Said reporting, one of no fewer than two states the Commission defendants solicited, was done with the intention of punishing Jenkins for the exercise of his First Amendment rights, and the Commission defendants knew that such punishment would occur.

Defendants' conduct directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at trial.

## FIFTEENTH CAUSE OF ACTION
### Deprivation of Fifth- and Fourteenth Amendment Due Process Right to be Free From Punishment for Exercise of Constitutional Rights – Against Defendants O'Bannon, Sinanan, Trahan, Louisiana State Police Gaming Enforcement, Ascension Parish, King County, and Connole – Section 1983

5.54    Jenkins has a constitutional due process right not to be subjected to criminal charges on the basis of the exercise of constitutional rights.

5.55    Defendants Sinanan, Schenxnaydre, McLeary, Louisiana State Police Gaming Enforcement and Ascension Parish (for purposes of this cause of action, the "Louisiana

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

Defendants") worked together with the Commission, Reese, Herrington, Day and Streitz in a "joint investigation" of Betcha.com.

5.56    The Louisiana Defendants violated Jenkins's rights by seeking his arrest because he (1) petitioned the Commission Defendants to reconsider their order to shut Betcha down (a First Amendment right); (2) sued the Commission for declaratory relief (a First Amendment right); and (3) initially refused to shut his lawful business down at the Commission's demand (a property and liberty right).

5.57    Defendants' conduct directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at trial.

### SIXTEENTH CAUSE OF ACTION
**Right to be Free from Enforcement of Unconstitutional Laws – Against Defendants Sinanan, Schenxnaydre, Trahan, the State of Louisiana, John and Jane Does 1-99 and the LSGPED – Section 1983**

5.58    Jenkins has a right to be free of the enforcement of unconstitutional laws. Said right is protected by the due process clause of the Fifth Amendment and applies against the states by virtue of the Fourteenth Amendment.

5.59    Defendants violated this right. Specifically: Section 90.3(E) of the Louisiana Revised Statutes violates the First-, Fifth- and Fourteenth Amendments and the dormant commerce clause of the United States Constitution.

5.60    Defendants violated this right by enforcing Louisiana's unconstitutional gambling by computer law against Betcha and Jenkins.

5.61    Defendants' conduct directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at trial.

### SEVENTEENTH CAUSE OF ACTION
**Deprivation of Fourth- and Fourteenth Amendment Due Process Right to be Free From Unlawful Seizures  – Against Defendants Commission, Rea, Burt, Hunter, Day, Reese,**

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

**Streiz, Herrington, Sinanan, Schenxnaydre, Trahan and Louisiana State Police Gaming Enforcement – Section 1983**

5.62    Jenkins has a Fourth Amendment right not to be subject to arrest for actions that are, on their face, not illegal.

5.63    Defendants violated Jenkins's right by causing him to be incarcerated in both King County- and Ascension Parish jails for conduct that, even if it *had* taken place in Louisiana, did not violate either Louisiana Revised Statute 90.3(E)- (Louisiana's gambling by computer prohibition) or (F)(Louisiana's authorization of riverboat gambling, the provision defendant Sinanan's warrant paperwork alleged Jenkins violated).

5.64    Defendants' conduct directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at trial.

## EIGHTEENTH CAUSE OF ACTION
### Malicious Prosecution – Against Defendants O'Bannon and Ascension Parish

5.65    Defendants Ascension Parish and O'Bannon instituted an action against Jenkins even though they knew or should have known that (1) Betcha's website did not constitute "gambling" and (2) that, in any case, neither Betcha nor Jenkins ever operated out of Louisiana. Said action was taken with malice – namely, to punish Jenkins as per the wishes of the WSGC- and LSPGED defendants, and for Jenkins's exercise of his First Amendment rights. The action was dropped after Jenkins paid a considerable "settlement" to Ascension Parish.

5.66    Defendants' conduct directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at trial.

## NINETEENTH CAUSE OF ACTION
### Deprivation of Fifth- and Fourteenth Amendment Due Process Right Against Fabrication of Evidence – Against Defendants O'Bannon, Sinanan, Schenxnaydre, Trahan, Louisiana State Police Gaming Enforcement, Ascension Parish, King County, and Connole – Section 1983

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

5.67    Jenkins has a constitutional due process right not to be subjected to criminal charges on the basis of allegations that the government knows to be false.

5.68    Defendants Sinanan, Schenxnaydre, Trahan, and the Louisiana State Police Gaming Enforcement Division violated that right by applying for, obtaining and processing a fugitive felony arrest warrant against Jenkins based on an allegation it knew to be false – namely, that Jenkins had been in Louisiana when he engaged in the activities alleged to be unlawful, and was a fugitive from the state.

5.69    Defendants had no reason to believe this, and in fact knew it was not true.

5.70    Defendant Connole, repeated this accusation that Jenkins was a fugitive from Louisiana in order to have him incarcerated in King County Jail a second time, even though she knew or should have known that said accusation was not true.  Said accusation was made based on allegations made to Connole by O'Bannon.

5.71    Defendants' conduct directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at trial.

## TWENTIETH CAUSE OF ACTION
### Defamation – Against Defendant Louisiana State Police Gaming Enforcement Division

5.72    Jenkins has a right to be free from defamatory, libelous statements by the government.  Defendant LSPGED defamed Jenkins by issuing a press release on or about August 17, 2007 that contained material statements it knew were false.

5.73    The press release stated that Louisiana police had arrested Jenkins for violating Louisiana's online gambling law.

5.74    This was untrue.

Complaint
Page 38 of 44

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

5.75    Jenkins was never arrested by Louisiana police for violating Louisiana gambling law. In fact, at the time of the press release Jenkins had not been arrested *at all*; instead, he self surrendered to the King County Jail.

5.76    Defendant published this release on its website, which was accessible everywhere.

5.77    Defendants' misconduct has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

## TWENTY-FIRST CAUSE OF ACTION
### Intentional Interference with Contractual Relations – Against Defendants the State of Washington, the Commission, Day, Herrington, Rea, Burt, Hunter, Reese and Streitz

5.78    Betcha had a contractual relationship with First Data Corp., whereby the latter provided credit card processing services for the former's website.

5.79    Defendants intentionally interfered with this relationship by leading First Data to believe that providing services to Betcha constituted criminal activity.   Said interference came in the form of an August 2007 subpoena to obtain information that Defendants could have easily obtained through discovery.  The goal of said subpoena was to cause First Data to decline to provide future credit card processing services to Betcha, thereby making it that much more difficult for Betcha to get back into business.

5.80    Defendants' misconduct has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

## TWENTY-SECOND CAUSE OF ACTION
### First Amendment Retaliation (Free Speech) – Fourth Amendment (Unreasonable Seizure) – Against Day, Herrington, Rea, Burt, Hunter, Reese, Streitz, King County, Connole, Sinanan, and O'Bannon – Section 1983

5.81    Jenkins has a First Amendment right to free speech.

5.82    Defendants Commission, Day, Herrington, Reese, Streitz, Ascension Parish and/or O'Bannon violated that right by stepping up their persecution of Jenkins in retaliation for

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

his continued public criticism of the government's handling of the Betcha matter, and in retaliation for public comments he made that O'Bannon interpreted as critical of Louisianans.

5.83    Specifically, soon after his first arrest, Defendants encouraged prosecutors in King County to seek Jenkins's arrest because of his continued criticism of their actions.

5.84    Defendant Connole represented to a King County judge that Jenkins was a threat to flee Washington.

5.85    In support of her contention, Connole alleged in writing that Jenkins fled Louisiana.

5.86    Based on Connole's misrepresentation, the judge ordered Jenkins's arrest.  He was later released on $50,000 bail after posting a $5,000 nonrefundable bond.

5.87    Defendant O'Bannon later refused to change Jenkins's status on the arrest warrant paperwork from fugitive to non-fugitive status despite knowing that Jenkins was not a fugitive from Louisiana.

5.88    Defendant O'Bannon refused to make such a change because of Jenkins's public criticism of Louisiana's conduct in the Betcha matter, and because she believed Jenkins had disparaged Louisianans.  Said retaliation was done with the intent of chilling Jenkins's free speech and did chill Jenkins's exercise of free speech.

5.89    Defendants' conduct directly and proximately caused harm to Jenkins and the Company in an amount to be proven at trial.

### TWENTY-THIRD CAUSE OF ACTION
### Violation of Substantive Due Process – Against All Defendants

5.90    Substantive due process protects individuals against government action that is arbitrary, conscience-shocking or oppressive in a constitutional sense.

Complaint
Page 40 of 44

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

5.91    From Day One, Defendants' conduct in this matter – raiding a business without fully understanding either it or the law it purported to enforce, retaliating against the business' owner when he stood up to them -- has been arbitrary and conscience shocking.

5.92    Defendants' conduct directly and proximately caused harm to Jenkins and the Company in an amount to be proven at trial.

### TWENTY-FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress – Against All Defendants

5.93    The Commission Defendants (Day, Reese, Herrington, Burt, Streitz, Rea, Hunter) intentionally and deliberately inflicted emotional distress on Jenkins by:

5.94    Ordering him to shut down a lawful business without a hearing and without an understanding of either the facts or the law.

5.95    Raiding Betcha's office and seizing Betcha's- and his personal property.

5.96    Enlisting the aid of officials in Louisiana, a state with which they had worked before and which they knew would deal harshly with Jenkins.

5.97    Implicating Jenkins's wife in the operation of Betcha.com, even though they knew she had nothing to do with it.

5.98    Inducing authorities in Louisiana to use Betcha.com, even though it had reason to believe no one in the Bayou State had used The Site until then.

The Louisiana Defendants intentionally and deliberately inflicted emotional distress on Jenkins by:

5.99    Enforcing Louisiana laws against persons sitting in Seattle.

5.100    Alleging that Jenkins was in Louisiana and "fled" the Bayou State, even though they knew this was untrue.

5.101    Incarcerating him at King County Jail on or about August 15, 2007.

Complaint
Page 41 of 44

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington  99352
PH:  509.737.8500
FAX:  509.737.9500

5.102   Issuing a press release about an arrest that never happened and that implied that Jenkins had physically fled Louisiana.

5.103   Inducing prosecutors in King County to urge he be jailed without bail in retaliation for his continued public criticism of the government's handling of the Betcha matter.

5.104   Leaving him the Hobson's choice of flying to Louisiana at his own expense to self surrender, or sitting in King County Jail indefinitely (and, because he was a "fugitive," without bail) waiting for Louisiana law enforcement officials to take him to Louisiana.

5.105   Incarcerating him at Ascension Parish Jail on October 9, 2007 and then releasing his mug shot to a local television station, which it eventually published on the Internet.

5.106   Threatening to arrest Jenkins's wife and Betcha's investors if Jenkins would not agree to a $20,000 "settlement."

5.107   Defendants knew or should have known that emotional distress was the likely result of their conduct.

5.108   Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community and understandably caused Jenkins distress.

5.109   The emotional distress sustained by Jenkins was severe and of a nature that no reasonable man could be expected to endure.

5.110   As a result of the Defendants' extreme and outrageous conduct, Jenkins has suffered and will continue to suffer mental pain and anguish, severe emotional trauma and humiliation.

5.111   Defendants' misconduct has directly and proximately caused harm to Jenkins and Betcha in an amount to be proven at the time of trial.

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

# VI. DAMAGES

WHEREFORE, Plaintiffs pray for the following relief:

6.1     Judgment against all Defendants, jointly and severally, for special, general and consequential damages in an amount to be proven at trial;

6.2     For an award of punitive damages against all Defendants, jointly and severally, in an amount to be proven at trial;

6.3     For an award of attorney's fees and costs against Defendants State of Washington, the WSGC, Day, Herrington, Rea, Streitz, Reese, Hunter and Burt -- including those fees and costs incurred in the original declaratory judgment action;

6.4     For an award of prejudgment interest;

6.5     For a declaration that Section 90.3(E) of Louisiana's Criminal Code is unconstitutional and, thus, void; or, in the alternative, either (1) a permanent injunction barring the State of Louisiana and all of its employees, agents and assigns, including, but not limited to, the LSPGED, Sinanan, Schenxnaydre, Trahan and Ascension Parish, from enforcing it against Jenkins and the employees, agents and investors of Betcha.com, or (2) a declaration that Betcha's website does not violate Section 90.3(E) because bettors are not "gambling" as defined by Louisiana law;

6.6     For a declaration that Sections 9.46.240 and 9.46.0245 of the Revised Code of Washington are unconstitutional and, thus, void;

6.7     For injunctive relief against all Defendants for further prosecution and harassment of Jenkins generally and the operation of Betcha specifically; and

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

1    6.8    For such other and further relief as the Court deems just and equitable.

2    **DATED** this __4__ day of June 2010.

3                        TELQUIST ZIOBRO McMILLEN, PLLC

4

5                        By:_____

6                              **GEORGE E. TELQUIST**, WSBA #27203
                              *Attorney for Plaintiffs*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10  JUN 29  A11 :31

BETTY J. GOULD CLERK

_____
DEPUTY

1    ☐ **EXPEDITE**
     ☐ Hearing is set:
2    ☒ Hearing is not set:
         Date:
3        Time:
         Judge/Comm:
4

5

6

7

8

9       **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

10              **IN AND FOR COUNTY OF THURSTON**

11
     NICHOLAS G. JENKINS, individually,          Case Number: 10-2-01270-0
12   INTERNET COMMUNITY &
     ENTERTAINMENT CORP. (d/b/a                  **DECLARATION AND**
13   BETCHA.COM), a Washington                   **PROOF OF SERVICE**
     corporation,
14

15                    Plaintiffs,               **Personal Service On:**
                                                 WASHINGTON STATE
16   vs.                                         GAMBLING COMMISSION

17   WASHINGTON STATE GAMBLING
18   COMMISSION; THE STATE OF
     WASHINGTON; RICK DAY, in his official
19   and individual capacities; SHARON
     REESE in her official and individual
20   capacities; RICK HERRINGTON, in his
     official and individual capacities; LEE
21   STREITZ, in his official and individual
     capacities; KAREN REA, in her official
22   and individual capacities; AMY HUNTER,
     in her official and individual capacities;
23   MIKE BURT, in his official and individual
     capacities; JOHN LANE, in his official
24   and individual capacities; MARTY
25

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

1    BROWN, in his official and individual
capacities; RICHARD MITCHELL, in his
2    official and individual capacities; KING
COUNTY, a Washington municipality,
3    STACI CONNOLE, in her official and
individual capacities; THE STATE OF
4    LOUISIANA; LOUISIANA STATE
5    POLICE GAMING ENFORCEMENT;
ASCHENSION PARISH, a Louisiana
6    municipality; ROBIN O'BANNON, in her
official and individual capacities; MATT
7    SINANAN, in his official and individual
8    capacities; ROCK SCHENXNAYDRE, in
his official and individual capacities;
9    RHETT TRAHAN, in his official and
individual capacities; JANE DOES, in
10    their official and individual capacities;
11    JOHN DOES, in their official and
individual capacities;

12

                Defendants,

13

14

15    1. I, George E. Nervik, hereby declare under the penalty of perjury under the laws
16       of the State of Washington that; I am now and at all times herein mentioned a
17       citizen of the United States of America, a resident of the State of Washington,
18       over the age of eighteen years, not a party to or interested in the above entitled
          action and competent to be a witness therein.

19

20    2. All-Legal-Service.Com received from Amber Peters of Telquist, Ziobro, McMillen
21       PLLC one copy of each of the following individually listed documents (53 pages
22       total each copy):
23          a. Summons (3 pages),
          b. Complaint (44 pages),
24          c. Plaintiff's First Set of Interrogatories (6 pages).
25

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

1

2

3

4

5

6

7

8

9

3. **PERSONAL SERVICE:** I, George E. Nervik, being duly sworn, depose and say that on Tuesday June 22nd, 2010 at approximately 3:30:PM Pacific Time, I made personal service upon Ms. Gail Grate, Executive Assistant, for the Office of the Director Rick Day of the WASHINGTON STATE GAMBLING COMMISSION at 4565 7th Avenue S.E., Lacey, Washington 98503 (360) 486-3453-Office where she confirmed her identity to me. I did then affect service by physically giving her ONE (1) TRUE and CORRECT COPY of the above listed documents. That at the time and place set forth above, declarant duly-served the above described documents in the above-entitled matter pursuant to Civil Rule 4 (d), Washington State RCW 4.28.080 and Federal Rule of Civil Procedure 4 (l).

10

11

12

13

14

4. At the time of service and pursuant to my request Ms. Gail Grate, Executive Assistant, for the Office of the Director Rick Day of the WASHINGTON STATE GAMBLING COMMISSION did date stamp the first page of the documents served, a copy of which is attached hereto as Exhibit-1. She also gave me her business card, a copy of which is included below with mailing address.

15

16

17

5. *I certify or declare under penalty of perjury, under the laws of the State of Washington, that the forgoing is true and accurate. (RCW 9A.72.085)*

18

19

Dated this 24th day of June 2010 at Olympia, Washington.

20

21

George E. Nervik, Registered Thurston County Process Server #040909-09 Pursuant to the registration requirements of RCW 36.22.210; RCW 18.180.010; RCW 18.180.020.

22

Fee for Service of Process is $65.00 which is due and payable.

23

Original Emailed to: Amber Peters of Telquist, Ziobro, McMillen PLLC

24

Original Mailed to:   Thurston County Superior Court Clerk's Office – Main - Filings

25

100621L1-01-Declaration-Proof-Service-in-Jenkins-vs-Gambling-in-Thurston-Superior-10-2-01270-0-on-Gambling

Page 3 of 4

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM



**WASHINGTON STATE**
GAMBLING COMMISSION

**GAIL GRATE**
Executive Assistant

PO Box 42400                    1-800-345-2529 Ext 3453
Olympia WA 98504-2400                (360) 486-3453
gailg@wsgc.wa.gov              Fax (360) 486-3625

***Note to the Court:***

*We maintain in our records for a minimum of three years after the date of service a scanned copy of the documents that we serve in each case. Should any question arise as to dates/times of service, actual documents served, or any other need for authentication, etc. the Court should not hesitate to contact us for verification and/or independent copies. We can email, fax or mail verification copies to the Court.*

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

RECEIVED

JUN 2 2 2010

GAMBLING COMMISSION
DIRECTOR'S OFFICE



FILED

JUN - 8 2010

SUPERIOR COURT
BETTY J. GOULD
THURSTON COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THURSTON COUNTY

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

                              Plaintiffs,

v.

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; KAREN
REA, in her official and individual
capacities; AMY HUNTER, in her official
and individual capacities; MIKE BURT, in
his official and individual capacities; JOHN
LANE, in his official and individual
capacities; MARTY BROWN, in his official
and individual capacities; RICHARD
MITCHELL, in his official and individual
capacities; KING COUNTY, a Washington
municipality; STACI CONNOLE, in her
official and individual capacities; THE
STATE OF LOUISIANA; LOUISIANA
STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official

Case No.:    10 - 2 - 01270   0

SUMMONS

Summons
Page 1 of 3



TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10  JUN 29  A11 :30

BETTY J. GOULD CLERK

| 1 | ☐ **EXPEDITE**<br>☐ Hearing is set:<br>☒ Hearing is not set:<br>    Date:<br>    Time:<br>    Judge/Comm: |
|---|---|

1  ☐ **EXPEDITE**
   ☐ Hearing is set:
2  ☒ Hearing is not set:
       Date:
3      Time:
       Judge/Comm:
4

5

6

7

8

9  **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

10  **IN AND FOR COUNTY OF THURSTON**

11
   NICHOLAS G. JENKINS, individually,          Case Number: 10-2-01270-0
12  INTERNET COMMUNITY &
   ENTERTAINMENT CORP. (d/b/a               **DECLARATION AND**
13  BETCHA.COM), a Washington               **PROOF OF SERVICE**
   corporation,
14
15                      Plaintiffs,            **Personal Service On:**
                                             WASHINGTON STATE
16  vs.                                      ATTORNEY GENERAL'S OFFICE
17  WASHINGTON STATE GAMBLING
18  COMMISSION; THE STATE OF
   WASHINGTON; RICK DAY, in his official
19  and individual capacities; SHARON
   REESE in her official and individual
20  capacities; RICK HERRINGTON, in his
   official and individual capacities; LEE
21  STREITZ, in his official and individual
   capacities; KAREN REA, in her official
22  and individual capacities; AMY HUNTER,
23  in her official and individual capacities;
   MIKE BURT, in his official and individual
24  capacities; JOHN LANE, in his official
   and individual capacities; MARTY
25

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

1  BROWN, in his official and individual
   capacities; RICHARD MITCHELL, in his
2  official and individual capacities; KING
   COUNTY, a Washington municipality,
3  STACI CONNOLE, in her official and
   individual capacities; THE STATE OF
4  LOUISIANA; LOUISIANA STATE
5  POLICE GAMING ENFORCEMENT;
   ASCHENSION PARISH, a Louisiana
6  municipality; ROBIN O'BANNON, in her
   official and individual capacities; MATT
7  SINANAN, in his official and individual
8  capacities; ROCK SCHENXNAYDRE, in
   his official and individual capacities;
9  RHETT TRAHAN, in his official and
   individual capacities; JANE DOES, in
10 their official and individual capacities;
11 JOHN DOES, in their official and
   individual capacities;

12
              Defendants,
13

14

15  1. I, George E. Nervik, hereby declare under the penalty of perjury under the laws

16     of the State of Washington that; I am now and at all times herein mentioned a

17     citizen of the United States of America, a resident of the State of Washington,

18     over the age of eighteen years, not a party to or interested in the above entitled

19     action and competent to be a witness therein.

20  2. All-Legal-Service.Com received from Amber Peters of Telquist, Ziobro, McMillen

21     PLLC one copy of each of the following individually listed documents (53 pages

22     total each copy):

23         a. Summons (3 pages),

24         b. Complaint (44 pages),

25         c. Plaintiff's First Set of Interrogatories (6 pages).

100621L1-02-Declaration-Proof-Service-in-Jenkins-vs-
Gambling-in-Thurston-Superior-10-2-01270-0-on-WA-AG

Page 2 of 4

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

1    3. **PERSONAL SERVICE:** I, George E. Nervik, being duly sworn, depose and say

2        that on Tuesday June 22nd, 2010 at approximately 3:50:PM Pacific Time, I made

3        personal service upon Dierk Jon Meierbachtol, AAG, WSBA#31010 at the

4        Washington Attorney General's Office at the 1st Floor Reception Area, Highway

       Licenses Building, 1125 Washington Street SE P.O. Box 40110 Olympia,

5        Washington  98504-0110 (360) 586-2940-Office  (360) 664-0662-Fax

6        dierkm@atg.wa.gov where he confirmed his identity to me.  I did then affect

7        service by physically giving him ONE (1) TRUE and CORRECT COPY of the

8        above listed documents.  That at the time and place set forth above, declarant

9        duly-served the above described documents in the above-entitled matter

10       pursuant to Civil Rule 4 (d), Washington State RCW 4.28.080 and Federal Rule

       of Civil Procedure 4 (I).

11

12   4. At the time of service and pursuant to my request Dierk Jon Meierbachtol, AAG,

13       WSBA#31010 at the Washington Attorney General's Office did sign and date

14       stamp the first page of the documents served, a copy of which is attached hereto

15       as Exhibit-1.

16

17   5. *I certify or declare under penalty of perjury, under the laws of the State of*

       *Washington, that the forgoing is true and accurate.  (RCW 9A.72.085)*

18

19 Dated this 25th day of June 2010 at Olympia, Washington.

20

21 George E. Nervik, Registered Thurston County Process Server #040909-09 Pursuant to

22 the registration requirements of RCW 36.22.210; RCW 18.180.010; RCW 18.180.020.

23 Fee for Service of Process is $65.00 which is due and payable.

24 Original Emailed to: Amber Peters of Telquist, Ziobro, McMillen PLLC

25 Original Mailed to:   Thurston County Superior Court Clerk's Office – Main - Filings

100621L1-02-Declaration-Proof-Service-in-Jenkins-vs-
Gambling-in-Thurston-Superior-10-2-01270-0-on-WA-AG
         Page 3 of 4

*ALL-LEGAL-SERVICE.COM*
*800 SLEATER-KINNEY RD. SE - #148*
*LACEY, WA 98503-1127*
*( 360)-528-3303-OFFICE*
*(360)-456-3468-FAX*
*SERVICE@ALL-LEGAL-SERVICE.COM*

**Note to the Court:**

*We maintain in our records for a minimum of three years after the date of service a scanned copy of the documents that we serve in each case. Should any question arise as to dates/times of service, actual documents served, or any other need for authentication, etc. the Court should not hesitate to contact us for verification and/or independent copies. We can email, fax or mail verification copies to the Court.*



100621L1-02-Declaration-Proof-Service-in-Jenkins-vs-
Gambling-in-Thurston-Superior-10-2-01270-0-on-WA-AG

Page 4 of 4

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

**Washington State**
**Office of the Attorney General**
Acknowledged Receipt, this 22ᵈ day
of _June_, 20_10_, Time: _3:50_
In _Olympia_, Washington.
Signature: _____
Print Name: _Drew Herrington #3010_
Assistant Attorney General #3010

FILED

JUN - 8 2010

SUPERIOR COURT
BETTY J. GOULD
THURSTON COUNTY CLERK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THURSTON COUNTY

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

Plaintiffs,

v.

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; KAREN
REA, in her official and individual
capacities; AMY HUNTER, in her official
and individual capacities; MIKE BURT, in
his official and individual capacities; JOHN
LANE, in his official and individual
capacities; MARTY BROWN, in his official
and individual capacities; RICHARD
MITCHELL, in his official and individual
capacities; KING COUNTY, a Washington
municipality; STACI CONNOLE, in her
official and individual capacities; THE
STATE OF LOUISIANA; LOUISIANA
STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official

Case No.:  10-2-01270 0

**SUMMONS**

10 JUN 22 P3:50
CERTIFIED COPY
ATTORNEY GENERAL
STATE OF WASHINGTON



Summons
Page 1 of 3

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10 JUL -8 A11 :23

BETTY J. GOULD CLERK

_____ DEPUT

□ **EXPEDITE**
□ Hearing is set:
☒ Hearing is not set:
   Date:
   Time:
   Judge/Comm:

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR COUNTY OF THURSTON

NICHOLAS G. JENKINS; individually, INTERNET COMMUNITY & ENTERTAINMENT CORP. (d/b/a BETCHA.COM), a Washington corporation,

        Plaintiffs,

vs.

WASHINGTON STATE GAMBLING COMMISSION; THE STATE OF WASHINGTON; RICK DAY, in his official and individual capacitities; SHARON REESE in her official and individual capacities; RICK HERRINGTON, in his official and individual capacities; LEE STREITZ, in his official and individual capacities; KAREN REA, in her official and individual capacities; AMY HUNTER, in her official and individual capacities; MIKE BURT, in his official and individual capacities; JOHN LANE, in his official and individual capacities; MARTY

Case Number: 10-2-01270-0

**DECLARATION AND
PROOF OF SERVICE**

**Personal Service On:**
RICK DAY

100621L1-03-Declaration-Proof-Service-in-Jenkins-vs-
Gambling-in-Thurston-Superior-10-2-01270-0-on-Day

Page 1 of 3

*ALL-LEGAL-SERVICE.COM*
*800 SLEATER-KINNEY RD. SE - #148*
*LACEY, WA 98503-1127*
*( 360)-528-3303-OFFICE*
*(360)-456-3468-FAX*
*SERVICE@ALL-LEGAL-SERVICE.COM*

1   BROWN, in his official and individual
    capacities; RICHARD MITCHELL, in his
2   official and individual capacities; KING
    COUNTY, a Washington municipality;
3   STACI CONNOLE, in her official and
    individual capacities; THE STATE OF
4   LOUISIANA; LOUISIANA STATE
5   POLICE GAMING ENFORCEMENT;
    ASCHENSION PARISH, a Louisiana
6   municipality; ROBIN O'BANNON, in her
    official and individual capacities; MATT
7   SINANAN, in his official and individual
8   capacities; ROCK SCHENXNAYDRE, in
    his official and individual capacities;
9   RHETT TRAHAN, in his official and
    individual capacities; JANE DOES, in
10  their official and individual capacities;
11  JOHN DOES, in their official and
    individual capacities;

12                  Defendants,

13

14  _____

15  1.  I, George E. Nervik, hereby declare under the penalty of perjury under the laws

16      of the State of Washington that; I am now and at all times herein mentioned a

17      citizen of the United States of America, a resident of the State of Washington,

18      over the age of eighteen years, not a party to or interested in the above entitled

19      action and competent to be a witness therein.

20  2.  All-Legal-Service.Com received from Amber Peters of Telquist, Ziobro, McMillen

21      PLLC one copy of each of the following individually listed documents (53 pages

22      total each copy):

23          a.  Summons (3 pages),

24          b.  Complaint (44 pages),
            c.  Plaintiff's First Set of Interrogatories (6 pages).
25

100621L1-03-Declaration-Proof-Service-in-Jenkins-vs-
Gambling-in-Thurston-Superior-10-2-01270-0-on-Day                Page 2 of 3

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

3. **PERSONAL SERVICE:** I, George E. Nervik, being duly sworn, depose and say that on Tuesday June 29th, 2010 at approximately 3:50:PM Pacific Time, I made personal service upon RICK DAY at the WASHINGTON STATE GAMBLING COMMISSION at 4565 7th Avenue S.E., Lacey, Washington 98503 (360) 486-3453-Office where he confirmed his identity to me. I did then affect service by physically giving him ONE (1) TRUE and CORRECT COPY of the above listed documents. That at the time and place set forth above, declarant duly-served the above described documents in the above-entitled matter pursuant to Civil Rule 4 (d), WASHINGTON STATE RCW 4.28.080 and Federal Rule of Civil Procedure 4 (I).

4. At the time of service and pursuant to my request RICK DAY <u>did</u> sign, date and stamp the first page of the documents served, a copy of which is attached hereto as Exhibit-1.

5. *I certify or declare under penalty of perjury, under the laws of the State of Washington, that the forgoing is true and accurate. (RCW 9A.72.085)*

Dated this 6th day of July 2010 at Olympia, Washington.

George E. Nervik, Registered Thurston County Process Server #040909-09 Pursuant to the registration requirements of RCW 36.22.210; RCW 18.180.010; RCW 18.180.020.

Fee for Service of Process is $75.00 which is due and payable.

Original Emailed to: Amber Peters of Telquist, Ziobro, McMillen PLLC

Original Mailed to:   Thurston County Superior Court Clerk's Office – Main - Filings

**Note to the Court:**

*We maintain in our records for a minimum of three years after the date of service a scanned copy of the documents that we serve in each case.  Should any question arise as to dates/times of service, actual documents served, or any other need for authentication, etc. the Court should not hesitate to contact us for verification and/or independent copies.  We can email, fax or mail verification copies to the Court.*

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

RECEIVED

JUN 29 2010

OTC / LICENSING

360-486-3466
6/29/10

FILED

JUN - 8 2010

SUPERIOR COURT
BETTY J. GOULD
THURSTON COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THURSTON COUNTY

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

                                    Plaintiffs,

v.

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; KAREN
REA, in her official and individual
capacities; AMY HUNTER, in her official
and individual capacities; MIKE BURT, in
his official and individual capacities; JOHN
LANE, in his official and individual
capacities; MARTY BROWN, in his official
and individual capacities; RICHARD
MITCHELL, in his official and individual
capacities; KING COUNTY, a Washington
municipality; STACI CONNOLE, in her
official and individual capacities; THE
STATE OF LOUISIANA; LOUISIANA
STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official

Case No.:  10 - 2 - 01270  0

SUMMONS

Summons
Page 1 of 3



TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

1

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10 JUL -8 AM :23

BETTY J. GOULD CLERK

_____
DEPUTY

☐ **EXPEDITE**
☐ Hearing is set:
☒ Hearing is not set:
    Date:
    Time:
    Judge/Comm:

2

3

4

5

6

7

8

9  **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

10  **IN AND FOR COUNTY OF THURSTON**

11

12  NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
13  ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington
14  corporation,

15              Plaintiffs,

16  vs.

17  WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
18  WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON
19  REESE in her official and individual
capacities; RICK HERRINGTON, in his
20  official and individual capacities; LEE
STREITZ, in his official and individual
21  capacities; KAREN REA, in her official
and individual capacities; AMY HUNTER,
22  in her official and individual capacities;
MIKE BURT, in his official and individual
23  capacities; JOHN LANE, in his official
and individual capacities; MARTY
24

25

Case Number: 10-2-01270-0

**DECLARATION AND
PROOF OF SERVICE**

**Personal Service On:**
JOHN LANE

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

1  | BROWN, in his official and individual
   | capacities; RICHARD MITCHELL, in his
2  | official and individual capacities; KING
   | COUNTY, a Washington municipality;
3  | STACI CONNOLE, in her official and
4  | individual capacities; THE STATE OF
   | LOUISIANA; LOUISIANA STATE
5  | POLICE GAMING ENFORCEMENT;
   | ASCHENSION PARISH, a Louisiana
6  | municipality; ROBIN O'BANNON, in her
7  | official and individual capacities; MATT
   | SINANAN, in his official and individual
8  | capacities; ROCK SCHENXNAYDRE, in
   | his official and individual capacities;
9  | RHETT TRAHAN, in his official and
   | individual capacities; JANE DOES, in
10 | their official and individual capacities;
11 | JOHN DOES, in their official and
   | individual capacities;
12
   |                Defendants,
13
14 |
15   1. I, George E. Nervik, hereby declare under the penalty of perjury under the laws
16      of the State of Washington that; I am now and at all times herein mentioned a
17      citizen of the United States of America, a resident of the State of Washington,
        over the age of eighteen years, not a party to or interested in the above entitled
18      action and competent to be a witness therein.
19
20   2. All-Legal-Service.Com received from Amber Peters of Telquist, Ziobro, McMillen
21      PLLC one copy of each of the following individually listed documents (53 pages
22      total each copy):
           a. Summons (3 pages),
23
           b. Complaint (44 pages),
24
           c. Plaintiff's First Set of Interrogatories (6 pages).
25

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

3. **PERSONAL SERVICE:** I, George E. Nervik, being duly sworn, depose and say that on Thursday July 1st, 2010 at approximately 4:08:PM Pacific Time, I made personal service upon JOHN LANE at the Office of Financial Management at the Insurance Building, 1st Floor, 302 14th Avenue Southwest, Olympia, WA 98504-0001 (P.O. Box 43113. Olympia, WA 98504-3113) (360) 902-0651-Office where he confirmed his identity to me. I did then affect service by physically giving him ONE (1) TRUE and CORRECT COPY of the above listed documents. That at the time and place set forth above, declarant duly-served the above described documents in the above-entitled matter pursuant to Civil Rule 4 (d), WASHINGTON STATE RCW 4.28.080 and Federal Rule of Civil Procedure 4 (I).

4. At the time of service and pursuant to my request JOHN LANE <u>did</u> sign and date the first page of the documents served, a copy of which is attached hereto as Exhibit-1.

5. *I certify or declare under penalty of perjury, under the laws of the State of Washington, that the forgoing is true and accurate. (RCW 9A.72.085)*

Dated this 6th day of July 2010 at Olympia, Washington.

George E. Nervik, Registered Thurston County Process Server #040909-09 Pursuant to the registration requirements of RCW 36.22.210; RCW 18.180.010; RCW 18.180.020.

Fee for Service of Process is $75.00 which is due and payable.

Original Emailed to: Amber Peters of Telquist, Ziobro, McMillen PLLC

Original Mailed to:    Thurston County Superior Court Clerk's Office – Main - Filings

*Note to the Court:*

*We maintain in our records for a minimum of three years after the date of service a scanned copy of the documents that we serve in each case. Should any question arise as to dates/times of service, actual documents served, or any other need for authentication, etc. the Court should not hesitate to contact us for verification and/or independent copies. We can email, fax or mail verification copies to the Court.*

*100621L1-04-Declaration-Proof-Service-in-Jenkins-vs-Gambling-in-Thurston-Superior-10-2-01270-0-on-Lane*    Page 3 of 3

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE -#148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

FILED

JUN - 8 2010

SUPERIOR COURT
BETTY J. GOULD
THURSTON COUNTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THURSTON COUNTY

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

Plaintiffs,

v.

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; KAREN
REA, in her official and individual
capacities; AMY HUNTER, in her official
and individual capacities; MIKE BURT, in
his official and individual capacities; JOHN
LANE, in his official and individual
capacities; MARTY BROWN, in his official
and individual capacities; RICHARD
MITCHELL, in his official and individual
capacities; KING COUNTY, a Washington
municipality; STACI CONNOLE, in her
official and individual capacities; THE
STATE OF LOUISIANA; LOUISIANA
STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official

Case No.: 10-2-01270 0

**SUMMONS**

7/1/2010   4:08
360 902-0651

Summons
Page 1 of 3


TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10  JUL -8  AM :23

BETTY J. GOULD CLERK

DEPUTY

| | |
|---|---|
| ☐ **EXPEDITE** | |
| ☐ Hearing is set: | |
| ☒ Hearing is not set: | |
| Date: | |
| Time: | |
| Judge/Comm: | |

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**IN AND FOR COUNTY OF THURSTON**

| | |
|---|---|
| NICHOLAS G. JENKINS, individually, INTERNET COMMUNITY & ENTERTAINMENT CORP. (d/b/a BETCHA.COM), a Washington corporation, | Case Number: 10-2-01270-0 |
| | **DECLARATION AND PROOF OF SERVICE** |
| Plaintiffs, | |
| vs. | **Personal Service On:** RICHARD L. HERRINGTON |
| WASHINGTON STATE GAMBLING COMMISSION; THE STATE OF WASHINGTON; RICK DAY, in his official and individual capacities; SHARON REESE in her official and individual capacities; RICK HERRINGTON, in his official and individual capacities; LEE STREITZ, in his official and individual capacities; KAREN REA, in her official and individual capacities; AMY HUNTER, in her official and individual capacities; MIKE BURT, in his official and individual capacities; JOHN LANE, in his official and individual capacities; MARTY | |

100621L1-05-Declaration-Proof-Service-in-Jenkins-vs-
Gambling-in-Thurston-Superior-10-2-01270-0-on-Herrington

Page 1 of 3

*ALL-LEGAL-SERVICE.COM*
*800 SLEATER-KINNEY RD. SE - #148*
*LACEY, WA 98503-1127*
*( 360)-528-3303-OFFICE*
*(360)-456-3468-FAX*
*SERVICE@ALL-LEGAL-SERVICE.COM*

1  BROWN, in his official and individual
   capacities; RICHARD MITCHELL, in his
2  official and individual capacities; KING
   COUNTY, a Washington municipality,
3  STACI CONNOLE, in her official and
   individual capacities; THE STATE OF
4  LOUISIANA; LOUISIANA STATE
   POLICE GAMING ENFORCEMENT;
5  ASCHENSION PARISH, a Louisiana
   municipality; ROBIN O'BANNON, in her
6  official and individual capacities; MATT
   SINANAN, in his official and individual
7  capacities; ROCK SCHENXNAYDRE, in
   his official and individual capacities;
8  RHETT TRAHAN, in his official and
   individual capacities; JANE DOES, in
9  their official and individual capacities;
   JOHN DOES, in their official and
10 individual capacities;
11
12                    Defendants,
13
14  ───────────────────────────────
15  1. I, George E. Nervik, hereby declare under the penalty of perjury under the laws
16     of the State of Washington that; I am now and at all times herein mentioned a
17     citizen of the United States of America, a resident of the State of Washington,
18     over the age of eighteen years, not a party to or interested in the above entitled
19     action and competent to be a witness therein.
20  2. All-Legal-Service.Com received from Amber Peters of Telquist, Ziobro, McMillen
21     PLLC one copy of each of the following individually listed documents (53 pages
22     total each copy):
23        a. Summons (3 pages),
24        b. Complaint (44 pages),
25        c. Plaintiff's First Set of Interrogatories (6 pages).

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

3. **PERSONAL SERVICE:** I, George E. Nervik, being duly sworn, depose and say that on Thursday July 1st, 2010 at approximately 9:52:PM Pacific Time, I made personal service upon RICHARD L. HERRINGTON at his residence at 3731 68th Court S.W., Olympia, Washington 98512 (360) 705-0807-Home where he confirmed his identity to me. I did then affect service by physically giving him ONE (1) TRUE and CORRECT COPY of the above listed documents. That at the time and place set forth above, declarant duly-served the above described documents in the above-entitled matter pursuant to Civil Rule 4 (d), WASHINGTON STATE RCW 4.28.080 and Federal Rule of Civil Procedure 4 (I).

4. At the time of service and pursuant to my request RICHARD L. HERRINGTON <u>did</u> sign and date  the first page of the documents served, a copy of which is attached hereto as Exhibit-1.

5. *I certify or declare under penalty of perjury, under the laws of the State of Washington, that the forgoing is true and accurate.  (RCW 9A.72.085)*

Dated this 6th day of July 2010 at Olympia, Washington.

George E. Nervik, Registered Thurston County Process Server #040909-09 Pursuant to the registration requirements of RCW 36.22.210; RCW 18.180.010; RCW 18.180.020.

Fee for Service of Process is $75.00 which is due and payable.

Original Emailed to: Amber Peters of Telquist, Ziobro, McMillen PLLC

Original Mailed to:   Thurston County Superior Court Clerk's Office – Main - Filings

**Note to the Court:**

*We maintain in our records for a minimum of three years after the date of service a scanned copy of the documents that we serve in each case.  Should any question arise as to dates/times of service, actual documents served, or any other need for authentication, etc. the Court should not hesitate to contact us for verification and/or independent copies.  We can email, fax or mail verification copies to the Court.*

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

FILED

JUN - 8 2010

SUPERIOR COURT
BETTY J. GOULD
THURSTON COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THURSTON COUNTY

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

                                        Plaintiffs,

v.

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; KAREN
REA, in her official and individual
capacities; AMY HUNTER, in her official
and individual capacities; MIKE BURT, in
his official and individual capacities; JOHN
LANE, in his official and individual
capacities; MARTY BROWN, in his official
and individual capacities; RICHARD
MITCHELL, in his official and individual
capacities; KING COUNTY, a Washington
municipality; STACI CONNOLE, in her
official and individual capacities; THE
STATE OF LOUISIANA; LOUISIANA
STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official

Case No.: 10-2-01270 0

SUMMONS

9:52 PM

7-7-10

Summons
Page 1 of 3



TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10  JUL -8  A11 :23

BETTY J. GOULD CLERK

_____
DEPUT

1

☐ **EXPEDITE**
☐ Hearing is set:
2   ☒ Hearing is not set:
      Date:
3     Time:
      Judge/Comm:
4

5

6

7

8

9          **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

10              **IN AND FOR COUNTY OF THURSTON**

11

NICHOLAS G. JENKINS, individually,        Case Number: 10-2-01270-0
12   INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a                **DECLARATION AND**
13   BETCHA.COM), a Washington             **PROOF OF SERVICE**
corporation,
14

15              Plaintiffs,                **Personal Service On:**
                                           KAREN REA
16   vs.

17
WASHINGTON STATE GAMBLING
18   COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
19   and individual capacities; SHARON
REESE in her official and individual
20   capacities; RICK HERRINGTON, in his
official and individual capacities; LEE
21   STREITZ, in his official and individual
capacities; KAREN REA, in her official
22   and individual capacities; AMY HUNTER,
in her official and individual capacities;
23   MIKE BURT, in his official and individual
capacities; JOHN LANE, in his official
24   and individual capacities; MARTY
25

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

1  |  BROWN, in his official and individual
2  |  capacities; RICHARD MITCHELL, in his
   |  official and individual capacities; KING
3  |  COUNTY, a Washington municipality,
   |  STACI CONNOLE, in her official and
4  |  individual capacities; THE STATE OF
   |  LOUISIANA; LOUISIANA STATE
5  |  POLICE GAMING ENFORCEMENT;
   |  ASCHENSION PARISH, a Louisiana
6  |  municipality; ROBIN O'BANNON, in her
7  |  official and individual capacities; MATT
   |  SINANAN, in his official and individual
8  |  capacities; ROCK SCHENXNAYDRE, in
   |  his official and individual capacities;
9  |  RHETT TRAHAN, in his official and
   |  individual capacities; JANE DOES, in
10 |  their official and individual capacities;
11 |  JOHN DOES, in their official and
   |  individual capacities;

12 |             Defendants,

13 

14 

15 |  1.  I, George E. Nervik, hereby declare under the penalty of perjury under the laws
16 |      of the State of Washington that; I am now and at all times herein mentioned a
17 |      citizen of the United States of America, a resident of the State of Washington,
18 |      over the age of eighteen years, not a party to or interested in the above entitled
19 |      action and competent to be a witness therein.

20 |  2.  All-Legal-Service.Com received from Amber Peters of Telquist, Ziobro, McMillen
21 |      PLLC one copy of each of the following individually listed documents (53 pages
22 |      total each copy):
23 |          a.  Summons (3 pages),
   |          b.  Complaint (44 pages),
24 |          c.  Plaintiff's First Set of Interrogatories (6 pages).
25 

ALL-LEGAL-SERVICE.COM
800 SLEATER-KINNEY RD. SE - #148
LACEY, WA 98503-1127
( 360)-528-3303-OFFICE
(360)-456-3468-FAX
SERVICE@ALL-LEGAL-SERVICE.COM

3. **PERSONAL SERVICE:** I, George E. Nervik, being duly sworn, depose and say that on Friday July 2nd, 2010 at approximately 1:15:PM Pacific Time, I made personal service upon KAREN REA at her place of employment at the Washington State Gambling Commission 451 Southwest 10th Street, Plaza 451 Building, Suite 218, Renton, Washington  98055  (425) 277-7022-Direct  (425) 277-7014-Office (425) 277-7021-Fax KarenR@wsgc.wa.gov where she confirmed her identity to me.  I did then affect service by physically giving her ONE (1) TRUE and CORRECT COPY of the above listed documents.  That at the time and place set forth above, declarant duly-served the above described documents in the above-entitled matter pursuant to Civil Rule 4 (d), WASHINGTON STATE RCW 4.28.080 and Federal Rule of Civil Procedure 4 (l).

4. At the time of service and pursuant to my request KAREN REA <u>did</u> sign and date the first page of the documents served, a copy of which is attached hereto as Exhibit-1.

5. *I certify or declare under penalty of perjury, under the laws of the State of Washington, that the forgoing is true and accurate.  (RCW 9A.72.085)*

Dated this 6th day of July 2010 at Olympia, Washington.

George E. Nervik, Registered Thurston County Process Server #040909-09 Pursuant to the registration requirements of RCW 36.22.210; RCW 18.180.010; RCW 18.180.020.

Fee for Service of Process is $75.00 which is due and payable.
Original Emailed to: Amber Peters of Telquist, Ziobro, McMillen PLLC

Original Mailed to:   Thurston County Superior Court Clerk's Office – Main - Filings

*Note to the Court:*

*We maintain in our records for a minimum of three years after the date of service a scanned copy of the documents that we serve in each case.  Should any question arise as to dates/times of service, actual documents served, or any other need for authentication, etc. the Court should not hesitate to contact us for verification and/or independent copies.  We can email, fax or mail verification copies to the Court.*

*ALL-LEGAL-SERVICE.COM*
*800 SLEATER-KINNEY RD. SE - #148*
*LACEY, WA 98503-1127*
*( 360)-528-3303-OFFICE*
*(360)-456-3468-FAX*
*SERVICE@ALL-LEGAL-SERVICE.COM*



*Karen Rea*
*7/2/10*
*karenr @ wsgc.wa.gov*
*425 277 7022*

FILED

JUN – 8 2010

SUPERIOR COURT
BETTY J. GOULD
THURSTON COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THURSTON COUNTY

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

                                    Plaintiffs,

v.

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; KAREN
REA, in her official and individual
capacities; AMY HUNTER, in her official
and individual capacities; MIKE BURT, in
his official and individual capacities; JOHN
LANE, in his official and individual
capacities; MARTY BROWN, in his official
and individual capacities; RICHARD
MITCHELL, in his official and individual
capacities; KING COUNTY, a Washington
municipality; STACI CONNOLE, in her
official and individual capacities; THE
STATE OF LOUISIANA; LOUISIANA
STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official

Case No.:    10 - 2 - 01270   0

SUMMONS

Summons
Page 1 of 3

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

FILED
SUPERIOR COURT
THURSTON COUNTY, WASH.

10 JUL -8 PM 2:59

BETTY J. GOULD, CLERK

BY_____
        DEPUTY

**STATE OF WASHINGTON**
**THURSTON COUNTY SUPERIOR COURT**

| | |
|---|---|
| NICHOLAS G. JENKINS, individually, INTERNET COMMUNITY & ENTERTAINMENT CORP. (d/b/a BETCHA.COM), a Washington corporation, | NO. 10-2-01270-0 |
| | **NOTICE OF APPEARANCE** |
| Plaintiffs, | |
| vs. | |
| WASHINGTON STATE GAMBLING COMMISSION; THE STATE OF WASHINGTON; RICK DAY, in his official and individual capacities; SHARON REESE, in her official and individual capacities; RICK HERRINGTON, in his official and individual capacities; LEE STREITZ, in his official and individual capacities; KAREN REA, in her official and individual capacities; AMY HUNTER, in her official and individual capacities; MIKE BURT, in his official and individual capacities; JOHN LANE, in his official and individual capacities; MARTY BROWN, in his official and individual capacities; RICHARD MITCHELL, in his official and individual capacities; KING COUNTY, a Washington municipality; STACI CONNOLE, in her official and individual capacities; THE STATE OF LOUISIANA; LOUISIANA STATE POLICE GAMING ENFORCEMENT; ASCENSION PARISH, a Louisiana municipality; ROBIN O'BANNON, | |

NOTICE OF APPEARANCE                    1

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA  98504-0113
(360) 753-6126   Facsimile: (360) 586-6847

1  in her official and individual capacities; MATT
   SINANAN, in his official and individual
2  capacities; ROCK SCHENXNAYDRE, in
   his official and individual capacities; RHETT
3  TRAHAN, in his official and individual
   capacities; JANE DOES, in their official and
4  individual capacities; and JOHN DOES, in their
   official and individual capacities,
5
6              Defendants.

7

8  **TO:**        **GEORGE TELQUIST, Attorney for Plaintiff;**

9  **AND TO:**    **THE CLERK OF THE ABOVE-ENTITLED COURT.**

10

11        **PLEASE TAKE NOTICE** that Defendants Washington State Gambling Commission,

12  the State of Washington, Rick Day, Sharon Reese, Rick Herrington, Lee Streitz, Karen Rea,

    Amy Hunter, Mike Burt, John Lane, Marty Brown and Richard Mitchell, by and through their
13
    attorneys Robert M. McKenna, Attorney General, and Douglas D. Shaftel, Assistant Attorney
14
    General, without waiving objections as to improper service, jurisdiction, or venue, hereby
15
    enters their appearance in the above-captioned action and requests that notice of any and all
16
    further proceedings, except original process, be served upon the undersigned attorneys at the
17
    address stated below.
18
          **DATED** this 7th day of July, 2010.
19

20                          ROBERT M. MCKENNA
                            Attorney General          WSBA #37067
21

22                          _____

23                          **DOUGLAS D. SHAFTEL**, WSBA #32906
                            Assistant Attorney General
24

25

26

NOTICE OF APPEARANCE                    2              ATTORNEY GENERAL OF WASHINGTON
                                                      Transportation & Public Construction Division
                                                      7141 Cleanwater Drive SW
                                                      PO BOX 40113
                                                      Olympia, WA 98504-0113
                                                      (360) 753-6126    Facsimile: (360) 586-6847

FILED
SUPERIOR COURT
THURSTON COUNTY, WASH.

10 JUL -8  PM 2: 59

BETTY J. GOULD, CLERK

BY_____
            DEPUTY

**STATE OF WASHINGTON**
**THURSTON COUNTY SUPERIOR COURT**

| | |
|---|---|
| NICHOLAS G. JENKINS, individually, INTERNET COMMUNITY & ENTERTAINMENT CORP. (d/b/a BETCHA.COM), a Washington corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON STATE GAMBLING COMMISSION; THE STATE OF WASHINGTON; RICK DAY, in his official and individual capacities; SHARON REESE, in her official and individual capacities; RICK HERRINGTON, in his official and individual capacities; LEE STREITZ, in his official and individual capacities; KAREN REA, in her official and individual capacities; AMY HUNTER, in her official and individual capacities; MIKE BURT, in his official and individual capacities; JOHN LANE, in his official and individual capacities; MARTY BROWN, in his official and individual capacities; RICHARD MITCHELL, in his official and individual capacities; KING COUNTY, a Washington municipality; STACI CONNOLE, in her official and individual capacities; THE STATE OF LOUISIANA; LOUISIANA STATE POLICE GAMING ENFORCEMENT; ASCENSION PARISH, a Louisiana municipality; ROBIN O'BANNON, | NO. 10-2-00616-5    **10-2-01270-0**<br><br>**DECLARATION OF SERVICE** |

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA  98504-0113
(360) 753-6126    Facsimile:  (360) 586-6847

1 | in her official and individual capacities; MATT
SINANAN, in his official and individual
2 | capacities; ROCK SCHENXNAYDRE, in his
official and individual capacities; RHETT
3 | TRAHAN, in his official and individual
capacities; JANE DOES, in their official and
4 | individual capacities; and JOHN DOES, in their
official and individual capacities,
5 |
6 |     Defendants.

7

8          I declare that on July 7, 2010, I caused a true and correct copy of the Notice of

9    Appearance to be served on the following persons as indicated:

10 | George E. Telquist                      | ☒ U.S. Mail, Postage Prepaid
    | Telquist Ziobro McMillen, PLLC           | ☐ Campus Mail:
11 | 1333 Columbia Park Trail, Suite 110       | ☐ Mailed Electronically
    | Richland WA 99352                        | ☐ Legal Messenger
12 |                                          | ☐ Federal Express Priority Overnight

13

14          I declare under penalty of perjury under the laws of the State of Washington that the

15    foregoing is true and correct.

16
         DATED this 7th day of July, 2010 at Tumwater, Washington.
17

18                                       _Jennifer D. Williams_ (signature)

19                                       JENNIFER D. WILLIAMS
                                         Legal Assistant to
20                                       DOUGLAS D. SHAFTEL
                                         Assistant Attorney General
21

22

23

24

25

26

DECLARATION OF SERVICE                    2

ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA  98504-0113
(360) 753-6126    Facsimile:  (360) 586-6847

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10 JUL 21 AM 39

BETTY J. GOULD CLERK

BY _____
DEPUTY

1

2

3

4

5

6

7

8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THURSTON COUNTY**

9
10
11

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

Case No.: 10-2-01270-0

**AFFIDAVIT OF SERVICE**

12

13

                                   Plaintiffs,

v.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; MIKE
BURT, in his official and individual
capacities; JOHN LANE, in his official and
individual capacities; MARTY BROWN, in
his official and individual capacities;
RICHARD MITCHELL, in his official and
individual capacities; KING COUNTY, a
Washington municipality; STACI
CONNOLE, in her official and individual
capacities; THE STATE OF LOUISIANA;
LOUISIANA STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official
and individual capacities; ROCK
SCHENXNAYDRE, in his official and

Affidavit of Service

Page 1 of 2

1  individual capacities; DEAN COATES, in
   his official and individual capacities; JANE
2  DOES, in their official and individual
   capacities; and JOHN DOES, in their official
3  and individual capacities;

4                                          Defendants.

5  STATE OF ~~WASHINGTON~~ Arizona    )
                                      :ss
6  County of ___Pima___               )

7

8      I, _Cheryl A. Bechtle___, being first duly sworn, upon oath, deposes and states:

9      That I am over the age of 21 years; that on or about the 12th day of __July___,

10 2010 at 12 : 37 a.m./p.m., I personally served a true and correct copy of the:

11
        • PLAINTIFFS' FIRST SET OF INTERROGATORIES PROPOUNDED TO
12         DEFENDANT;
        • SUMMONS; and
13      • COMPLAINT; and
        • AFFIDAVIT OF NON-RESIDENCE (RCW 4.28.185)
14

15     Upon: _Lee Tyles Streit___ at _2345 E Juanita_
16 Tucson, Arizona___.

17                               ___Cheryl J Bechtle___
18                               PROCESS SERVER

19     SUBSCRIBED AND SWORN to before me this ____ day of July, 2010.

20                               ___Erwin M Hosenberg___
21                               NOTARY PUBLIC in and for the State of Arizona
                                 ~~Washington~~, residing at: 123 S Shore Tucson, Az
22                               My Commission Expires: 9-23-11
23

   OFFICIAL SEAL
   MARTIN M. ROSENBERG
   NOTARY PUBLIC-ARIZONA
   PIMA COUNTY
   My Comm. Exp. Sept. 23, 2011

24

25

26

27

28

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10 JUL 22 P3 :13

BETTY J. GOULD CLERK

BY _____
            DEPUTY

THURSTON COUNTY SUPERIOR COURT
BETTY J GOULD
THURSTON COUNTY CLERK
OLYMPIA WA

10-2-01270-0

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 07/22/2010 | 07/23/2010 | 03:12 PM |

Receipt/Item #   Tran-Code   Docket-Code
2010-04-09491/01     1140        $JDR12
Cashier: HRB

Paid By: ABC, Legal
    Transaction Amount:              $250.00

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10 JUL 22 P3:13

BETTY J. GOULD CLERK

BY_____
                                    DEPUTY

SUPERIOR COURT OF WASHINGTON FOR THURSTON COUNTY

NICHOLAS G. JENKINS, individually,        )
INTERNET COMMUNITY &                      )
ENTERTAINEMTN CORP. (d/b/a                 )    No. 10-2-01270-0
BETCHA.COM), a Washington corporation,     )
                                           )
                              Plaintiffs,  )    **DEMAND FOR JURY OF TWELVE**
                                           )
        vs.                                )
                                           )
WASHINGTON STATE GAMBLING                  )
COMMISSION; THE STATE OF                   )
WASHINGTON, ET. AL.,                       )
                                           )
                              Defendants.  )

        Defendants King County and Stacy Connole demands this case be tried to a jury of twelve persons.

        DATED this 22 day of July, 2010 at Seattle, Washington.

                        DANIEL T. SATTERBERG
                        King County Prosecuting Attorney

                        By: _____
                        KRISTOFER J. BUNDY, WSBA #19840
                        Senior Deputy Prosecuting Attorney
                        Attorneys for King County & S. Connole

DEMAND FOR JURY OF TWELVE - 1

ORIGINAL

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10 JUL 22 P3:13

BETTY J. GOULD CLERK

BY_____
                    DEPUT.

SUPERIOR COURT OF WASHINGTON FOR THURSTON COUNTY

| | |
|---|---|
| NICHOLAS G. JENKINS, individually, INTERNET COMMUNITY & ENTERTAINEMTN CORP. (d/b/a BETCHA.COM), a Washington corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON STATE GAMBLING COMMISSION; THE STATE OF WASHINGTON, ET. AL.,<br><br>Defendants. | No. 10-2-01270-0<br><br>**CERTIFICATE OF SERVICE** |

I, JENNY CHEN, hereby certify and declare under penalty of perjury under the laws of the state of Washington as follows:

1. I am a Legal Secretary employed by King County Prosecuting Attorney's Office, am over the age of 18, am not a party to this action and am competent to testify herein.

2. On July 22, 2010, I did cause to be delivered by U. S. Postal Mail a true copy of the following documents:

   - *Notice of Appearance*
   - *Demand for Jury of Twelve*
   - *Certificate of Service*

CERTIFICATE OF SERVICE - 1

ORIGINAL

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

1    The documents were served and delivered by U. S. Postal Mail to the following attorneys

2    on record:

3    *PLAINTIFF*
George E. Telquist, WSBA #27203
4    TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
5    Richland, WA 99352

6    *STATE OF LOUISIANA*
George S. Pitcher, WSBA #27713
7    WILLIAMS KASTNER & GIBBS PLLC
888 SW 5th Ave Ste 600
8    Portland, OR  97204-2020

9    *LOUISIANA STATE POLICE GAMING ENFORCEMENT*
Douglas D. Shaftel, WSBA #32906
10    OFFICE OF THE ATTORNEY GENERAL
7141 Cleanwater Dr
11    PO Box 40113
Olympia, WA  98504-0113
12

13    I declare under penalty of perjury under the laws of the State of Washington that the

14    foregoing is true and correct.

15

16    DATED this 22nd day of July, 2010 at Seattle, Washington.

17

18    DANIEL T. SATTERBERG
King County Prosecuting Attorney

19

20    By:
JENNY CHEN
21    Legal Secretary, Tort Section

22

23

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

CERTIFICATE OF SERVICE - 2

FILED
SUPER??? CO??
THURSTON COUNT?

'10 JUL 22 P3

BETTY J. GOULD

BY_____

1

2

3

4

5

6

7                    SUPERIOR COURT OF WASHINGTON FOR THURSTON COUNTY

8    NICHOLAS G. JENKINS, individually,        )
     INTERNET COMMUNITY &                      )
9    ENTERTAINEMTN CORP. (d/b/a                 )    No. 10-2-01270-0
     BETCHA.COM), a Washington corporation,    )
                                               )
10                              Plaintiffs,    )    **NOTICE OF APPEARANCE**
                                               )
11                  vs.                         )
                                               )
12   WASHINGTON STATE GAMBLING                  )
     COMMISSION; THE STATE OF                   )
13   WASHINGTON, ET. AL.,                       )
                                               )
14                              Defendants.    )

15   TO:        Nicholas G. Jenkins, Plaintiff

16   AND TO:    George E. Telquist, Plaintiff's Attorney

17       YOU AND EACH OF YOU, will please take notice that **KRISTOFER J. BUNDY** hereby

18   appears in the above-entitled action on behalf of Defendants **King County** and **Staci Connole**

19   **(Stacy Connole)** without waiving the question of:

20       1.    Lack of jurisdiction over the subject matter;
         2.    Lack of jurisdiction over the person;
21       3.    Improper venue;
         4.    Insufficiency of process;
22       5.    Insufficiency of service of process;
         6.    Failure to state a claim upon which relief may be granted; and
23       7.    Failure to join a party under Rule 19;
         8.    Statute(s) of Limitation.

NOTICE OF APPEARANCE - 1

**ORIGINAL**

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1    You are hereby further notified that all further papers and pleadings herein, except for

2   original process, shall be served upon the undersigned attorneys at the address below stated.

3

4    DATED this __22__ day of July, 2010 at Seattle, Washington.

5

6                                    DANIEL T. SATTERBERG
                                     King County Prosecuting Attorney
7

8
                                     By: _____
9                                    KRISTOFER J. BUNDY, WSBA #19840
                                     Senior Deputy Prosecuting Attorney
10                                   Attorneys for King County & S. Connole

11

12

13

14

15

16

17

18

19

20

21

22

23

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

NOTICE OF APPEARANCE - 2

FILED
SUPERIOR COU
THURSTON COUNT

'10 JUL 22 P3

BETTY J. GOULD

BY

1

2

3

4

5

6                    SUPERIOR COURT OF WASHINGTON FOR THURSTON COUNTY

7

8   NICHOLAS G. JENKINS, individually,              )
    INTERNET COMMUNITY &                            )
9   ENTERTAINEMTN CORP. (d/b/a                      )   No. 10-2-01270-0
    BETCHA.COM), a Washington corporation,          )
                                                    )
10                                  Plaintiffs,     )   **NOTICE OF APPEARANCE**
                                                    )
11              vs.                                 )
                                                    )
12  WASHINGTON STATE GAMBLING                       )
    COMMISSION; THE STATE OF                        )
13  WASHINGTON, ET. AL.,                            )
                                                    )
14                                  Defendants.     )

15  TO:        Nicholas G. Jenkins, Plaintiff

16  AND TO:    George E. Telquist, Plaintiff's Attorney

17      YOU AND EACH OF YOU, will please take notice that **KRISTOFER J. BUNDY** hereby

18  appears in the above-entitled action on behalf of Defendants **King County** and **Staci Connole**

19  **(Stacy Connole)** without waiving the question of:

20          1.    Lack of jurisdiction over the subject matter;
            2.    Lack of jurisdiction over the person;
21          3.    Improper venue;
            4.    Insufficiency of process;
22          5.    Insufficiency of service of process;
            6.    Failure to state a claim upon which relief may be granted; and
23          7.    Failure to join a party under Rule 19;
            8.    Statute(s) of Limitation.

NOTICE OF APPEARANCE - 1            **ORIGINAL**

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1       You are hereby further notified that all further papers and pleadings herein, except for

2  original process, shall be served upon the undersigned attorneys at the address below stated.

3

4               DATED this _22_ day of July, 2010 at Seattle, Washington.

5

6                        DANIEL T. SATTERBERG
                            King County Prosecuting Attorney

7

8                        By: _____

9                        KRISTOFER J. BUNDY, WSBA #19840
                        Senior Deputy Prosecuting Attorney

10                      Attorneys for King County & S. Connole

11

12

13

14

15

16

17

18

19

20

21

22

23

NOTICE OF APPEARANCE - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Tort Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10  JUL 22  A11 :35

BETTY J. GOULD CLERK

BY _____
                            DEPUT

SUPERIOR COURT OF WASHINGTON FOR THURSTON COUNTY

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

        Plaintiffs,

    v.

WASHINGTON STATE GAMBLING
COMMISSION; et al.,

        Defendants.

NO. 10-2-01270-0

NOTICE OF APPEARANCE OF
DEFENDANT ROBIN O'BANNON

TO:       Clerk of the Court

AND TO:   Plaintiffs and their attorney, George E. Telquist

     YOU AND EACH OF YOU will please take notice that defendant Robin O'Bannon

appears in the above-captioned cause, without waiving any defenses, including lack of

jurisdiction of insufficiency of service of process, by the undersigned attorney and requests that

all further paper and pleadings herein, except original process, be served upon the undersigned

attorney at the address below stated.

NOTICE OF APPEARANCE OF DEFENDANT ROBIN O'BANNON
- 1

2877792.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

# ORIGINAL

1    DATED this _20_ day of July, 2010.

2                                    WILLIAMS, KASTNER & GIBBS PLLC

3

4                                    By _____
                                     George S. Pitcher, WSBA #27713
5                                    James L. Robenalt, WSBA #40216
                                     Attorneys for Defendant O'Bannon
6

7                    CERTIFICATE OF SERVICE

8        I hereby certify that on July 21 2010, I caused to be served upon counsel of record at the

9    addresses and in the manner described a copy of the document to which this certificate is

10   attached, for delivery to the following:

11       George E. Telquist                    ☑  U.S. Mail
         Telquist Ziobro McMillen, PLLC        ☐  Electronic Mail
12       1333 Columbia Park Trail, Suite 110   ☐  Hand Delivery/Legal Messenger
         Richland, WA  99352-4713              ☐  Telefax
13       george@tzmlaw.com                     ☐  Federal Express
         *Attorney for Plaintiffs*
14
         Douglas D. Shaftel                    ☑  U.S. Mail
15       Office of the Attorney General        ☐  Electronic Mail
         7141 Cleanwater Drive                 ☐  Hand Delivery/Legal Messenger
16       P.O. Box 40113                        ☐  Telefax
         Olympia, WA  98504-0113               ☐  Federal Express
17       dougs@atg.wa.gov
         *Attorney for State of Washington*
18

19

20                                    _____
                                      DeAnne Adams
21                                    Of Williams, Kastner & Gibbs

22

23

24

25

NOTICE OF APPEARANCE OF DEFENDANT ROBIN O'BANNON        **Williams, Kastner & Gibbs PLLC**
- 2                                                      601 Union Street, Suite 4100
                                                         Seattle, Washington 98101-2380
                                                         (206) 628-6600
2877792.1

2

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10 JUL 26 AM 11 :43

BETTY J. GOULD CLERK

BY _____ DEPUTY

1

2  ☐ **EXPEDITE**
   ☑ Hearing is set:
3  ☐ Hearing is not set:
      Date:
4     Time:
      Judge/Comm:
5

6

7        **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
8           **IN AND FOR THURSTON COUNTY**

9   NICHOLAS G. JENKINS, individually,
    INTERNET COMMUNITY &              Case No.:  10-2-01270-0
10  ENTERTAINMENT CORP. (d/b/a
11  BETCHA.COM), a Washington corporation,

12                    Plaintiffs,     **AFFIDAVIT OF NON-RESIDENCE**
                                      **(RCW 4.28.185)**
13  v.

14  WASHINGTON STATE GAMBLING
    COMMISSION; THE STATE OF          **RHETT TRAHAN**
15  WASHINGTON; RICK DAY, in his official
    and individual capacities; SHARON REESE,
16  in her official and individual capacities;
    RICK HERRINGTON, in his official and
17  individual capacities; LEE STREITZ, in his
    official and individual capacities; MIKE
18  BURT, in his official and individual
    capacities; JOHN LANE, in his official and
19  individual capacities; MARTY BROWN, in
    his official and individual capacities;
20  RICHARD MITCHELL, in his official and
    individual capacities; KING COUNTY, a
21  Washington municipality; STACI
    CONNOLE, in her official and individual
22  capacities; THE STATE OF LOUISIANA;
    LOUISIANA STATE POLICE GAMING
23  ENFORCEMENT; ASCENSION PARISH,
    a Louisiana municipality; ROBIN
24  O'BANNON, in her official and individual
    capacities; MATT SINANAN, in his official
25  and individual capacities; ROCK
26  SCHENXNAYDRE, in his official and
27

28

Affidavit of Non-Residence (RCW 4.28.185)
Rhett Trahan

Page 1 of 2

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

1   individual capacities; DEAN COATES, in
    his official and individual capacities; JANE
2   DOES, in their official and individual
    capacities; and JOHN DOES, in their official
3   and individual capacities;

4                                        Defendants.

5   **STATE OF WASHINGTON**              )
6                                        :ss
7   *County of Benton*                   )

8       I, **ERIC B. EISINGER,** on oath, state:

9   1.  I am an attorney for the Plaintiff in the above-captioned action.  I am over the age of 18

10  and competent to testify as to the matters herein.

11  **2.**  The undersigned attorney has a reasonable basis to believe that the Defendant, Rhett

12  Trahan, is not a resident of Washington State.

13  **3.**  That effective service of process cannot be made within the State of Washington upon

14  said Defendant.

15      **DATED** this /st day of July, 2010.

16                      TELQUIST ZIOBRO MCMILLEN, PLLC

17

18                      By:
19                          **ERIC B. EISINGER**, WSBA#34293
                            Attorney for Plaintiff
20

21      **SUBSCRIBED AND SWORN** to before me this /st day of July, 2010.

22

23                      **NOTARY PUBLIC** in and for the State of
24                      Washington, residing at: _Richland_

25                      My Commission Expires: _1-22-2011_

26

27

28

---

Affidavit of Non-Residence (RCW 4.28.185)          TELQUIST ZIOBRO MCMILLEN, PLLC
Rhett Trahan                                        1333 Columbia Park Trail, Suite 110
                                                    Richland, Washington 99352
Page 2 of 2                                         PH:  509.737.8500
                                                    FAX:  509.737.9500

3

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10 JUL 26 AM :43

BETTY J. GOULD CLERK

BY _____ DEP

| | |
|---|---|
| ☐ **EXPEDITE** | |
| ☒ Hearing is set: | |
| ☐ Hearing is not set: | |
| Date: | |
| Time: | |
| Judge/Comm: | |

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THURSTON COUNTY

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

                                    Plaintiffs,

v.

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; KAREN
REA, in her official and individual
capacities; AMY HUNTER, in her official
and individual capacities; MIKE BURT, in
his official and individual capacities; JOHN
LANE, in his official and individual
capacities; MARTY BROWN, in his official
and individual capacities; RICHARD
MITCHELL, in his official and individual
capacities; KING COUNTY, a Washington
municipality; STACI CONNOLE, in her
official and individual capacities; THE
STATE OF LOUISIANA; LOUISIANA
STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official

Case No.: 10-2-01270-0

**AFFIDAVIT OF NON-RESIDENCE
(RCW 4.28.185)**

**LOUISIANA STATE POLICE
GAMING ENFORCEMENT**

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

1  and individual capacities; ROCK
2  SCHENXNAYDRE, in his official and
   individual capacities; RHETT TRAHAN, in
3  his official and individual capacities; JANE
   DOES, in their official and individual
4  capacities; and JOHN DOES, in their official
   and individual capacities.
5

6                                    Defendants.

7  **STATE OF WASHINGTON**  )
                                         :ss
8  *County of Benton*            )

9          I, **ERIC B. EISINGER**, on oath, state:

10

11         1.      I am an attorney for the Plaintiff in the above-captioned action.  I am over the age

12  of 18 and competent to testify as to the matters herein.

13         2.      The undersigned attorney has made a diligent search to determine whether the

14  Defendant, Louisiana State Police Gaming Enforcement, has a registered agent within the State

15  of Washington and on today's date was advised by Kathleen Ryan of the Washington Secretary

16  of State Corporations Division that said Defendant has none.

17         3.      That effective service of process cannot be made within the State of Washington

18
   upon said Defendant.

19
           **DATED** this  _24th_ day of June, 2010.
20

21                              TELQUIST ZIOBRO McMILLEN, PLLC
22

23                              By:_____
24                                   **ERIC B. EISINGER**, WSBA #34293
                                     *Attorney for Plaintiff*
25

26

27

28

---

**Affidavit of Non-Residence (RCW 4.28.185)**            TELQUIST ZIOBRO McMILLEN, PLLC
**Louisiana State Police Gaming Enforcement**                 1333 Columbia Park Trail, Suite 110
**Page 2 of 3**                                                        Richland, Washington  99352
                                                                            PH:  509.737.8500
                                                                            FAX:  509.737.9500

**SUBSCRIBED AND SWORN** to before me this 24 day of June, 2010.



_Amber D. Peters_

**NOTARY PUBLIC** in and for the State of
Washington, residing at: _Richland_
My Commission Expires: _1-22-2011_ .

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

☐ **EXPEDITE**
☒ Hearing is set:
☐ Hearing is not set:
   Date:
   Time:
   Judge/Comm:

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10   JUL 26   AM :43

BETTY J. GOULD CLERK

BY _____ DEPUT

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THURSTON COUNTY

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

                              Plaintiffs,

v.

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; KAREN
REA, in her official and individual
capacities; AMY HUNTER, in her official
and individual capacities; MIKE BURT, in
his official and individual capacities; JOHN
LANE, in his official and individual
capacities; MARTY BROWN, in his official
and individual capacities; RICHARD
MITCHELL, in his official and individual
capacities; KING COUNTY, a Washington
municipality; STACI CONNOLE, in her
official and individual capacities; THE
STATE OF LOUISIANA; LOUISIANA
STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official

Case No.: 10-2-01270-0

**AFFIDAVIT OF NON-RESIDENCE**
**(RCW 4.28.185)**

**STATE OF LOUISIANA**

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

and individual capacities; ROCK
SCHENXNAYDRE, in his official and
individual capacities; RHETT TRAHAN, in
his official and individual capacities; JANE
DOES, in their official and individual
capacities; and JOHN DOES, in their official
and individual capacities.

                                        Defendants.
_____

**STATE OF WASHINGTON**   )
                          :ss
*County of Benton*        )

    I, **ERIC B. EISINGER**, on oath, state:

    1.    I am an attorney for the Plaintiff in the above-captioned action.  I am over the age of 18 and competent to testify as to the matters herein.

    2.    The undersigned attorney has made a diligent search to determine whether the Defendant, State of Louisiana, has a registered agent within the State of Washington and on today's date was advised by Kathleen Ryan of the Washington Secretary of State Corporations Division that said Defendant has none.

    3.    That effective service of process cannot be made within the State of Washington upon said Defendant.

    **DATED** this _24th_ day of June, 2010.

                        TELQUIST ZIOBRO McMILLEN, PLLC

                        By:_____
                           **ERIC B. EISINGER**, WSBA #34293
                           *Attorney for Plaintiff*

Affidavit of Non-Residence (RCW 4.28.185)
State of Louisiana
Page 2 of 3

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington  99352
PH:  509.737.8500
FAX:  509.737.9500

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUBSCRIBED AND SWORN** to before me this 24 day of June, 2010.



_Amber D. Peters_
**NOTARY PUBLIC** in and for the State of
Washington, residing at: _Richland_
My Commission Expires: _1-22-2011_ .

Affidavit of Non-Residence (RCW 4.28.185)
State of Louisiana
Page 3 of 3

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington  99352
PH:  509.737.8500
FAX:  509.737.9500

2

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10  JUL 26  AM 43

BETTY J. GOULD CLERK

BY_____
                        DEPUTY

| ☐ **EXPEDITE** |
| ☒ Hearing is set: |
| ☐ Hearing is not set: |
|     Date: |
|     Time: |
|     Judge/Comm: |

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THURSTON COUNTY

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

                               Plaintiffs,

v.

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; MIKE
BURT, in his official and individual
capacities; JOHN LANE, in his official and
individual capacities; MARTY BROWN, in
his official and individual capacities;
RICHARD MITCHELL, in his official and
individual capacities; KING COUNTY, a
Washington municipality; STACI
CONNOLE, in her official and individual
capacities; THE STATE OF LOUISIANA;
LOUISIANA STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official
and individual capacities; ROCK
SCHENXNAYDRE, in his official and

Case No.:  10-2-01270-0

**AFFIDAVIT OF NON-RESIDENCE
(RCW 4.28.185)**

**MATT SINANAN**

**Affidavit of Non-Residence (RCW 4.28.185)**
*Matt Sinanan*

**Page 1 of 2**

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

1  individual capacities; DEAN COATES, in
   his official and individual capacities; JANE
2  DOES, in their official and individual
   capacities; and JOHN DOES, in their official
3  and individual capacities;

                                    Defendants.
4

5

6  **STATE OF WASHINGTON**          )
                                    :ss
7  *County of Benton*              )

8      I, **ERIC B. EISINGER,** on oath, state:

9      1.  I am an attorney for the Plaintiff in the above-captioned action.  I am over the age of 18

10 and competent to testify as to the matters herein.

11     **2.**  The undersigned attorney has a reasonable basis to believe that the Defendant, Matt

12 Sinanan, is not a resident of Washington State.

13     **3.**  That effective service of process cannot be made within the State of Washington upon

   said Defendant.
14

15     **DATED** this _1st_ day of July, 2010.

16                                  TELQUIST ZIOBRO MCMILLEN, PLLC

17

18                                  By:_____
19                                        **ERIC B. EISINGER,** WSBA#34293
                                          Attorney for Plaintiff
20

21     **SUBSCRIBED AND SWORN** to before me this _1st_ day of July, 2010.

22                                  _Amber D. Peters_____
23                                  **NOTARY PUBLIC** in and for the State of
                                    Washington, residing at: _Richland_____
24
                                    My Commission Expires: _1-22-2011_____
25

26

27

28

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

3

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10 JUL 26 A11 :43

BETTY J. GOULD CLERK

BY _____
                    DEPUTY

1

| ☐ **EXPEDITE** |
| ☑ Hearing is set: |
| ☐ Hearing is not set: |
|     Date: |
|     Time: |
|     Judge/Comm: |

2

3

4

5

6

7

8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THURSTON COUNTY**

9   NICHOLAS G. JENKINS, individually,
    INTERNET COMMUNITY &
10  ENTERTAINMENT CORP. (d/b/a
    BETCHA.COM), a Washington corporation,
11

12                                        Plaintiffs,

    v.
13

14  WASHINGTON STATE GAMBLING
    COMMISSION; THE STATE OF
15  WASHINGTON; RICK DAY, in his official
    and individual capacities; SHARON REESE,
16  in her official and individual capacities;
    RICK HERRINGTON, in his official and
17  individual capacities; LEE STREITZ, in his
    official and individual capacities; KAREN
18  REA, in her official and individual
    capacities; AMY HUNTER, in her official
19  and individual capacities; MIKE BURT, in
    his official and individual capacities; JOHN
20  LANE, in his official and individual
    capacities; MARTY BROWN, in his official
21  and individual capacities; RICHARD
    MITCHELL, in his official and individual
22  capacities; KING COUNTY, a Washington
    municipality; STACI CONNOLE, in her
23  official and individual capacities; THE
    STATE OF LOUISIANA; LOUISIANA
24  STATE POLICE GAMING
    ENFORCEMENT; ASCENSION PARISH,
25  a Louisiana municipality; ROBIN
    O'BANNON, in her official and individual
26  capacities; MATT SINANAN, in his official
27

28

Case No.: 10-2-01270-0

**AFFIDAVIT OF NON-RESIDENCE
(RCW 4.28.185)**

**ASCENSION PARISH**

Affidavit of Non-Residence (RCW 4.28.185)
Ascension Parish
Page 1 of 2

TELQUIST ZIOBRO McMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

1    and individual capacities; ROCK
2    SCHENXNAYDRE, in his official and
     individual capacities; RHETT TRAHAN, in
3    his official and individual capacities; JANE
     DOES, in their official and individual
4    capacities; and JOHN DOES, in their official
     and individual capacities.
5

6                                    Defendants.

7    **STATE OF WASHINGTON**  )
                                :ss
8    *County of Benton*         )

9        I, **ERIC B. EISINGER**, on oath, state:

10
11       1.      I am an attorney for the Plaintiff in the above-captioned action.  I am over the age
12   of 18 and competent to testify as to the matters herein.

13       2.      The undersigned attorney has made a diligent search to determine whether the
14   Defendant, Ascension Parish, has a registered agent within the State of Washington and on
15
16   today's date was advised by Kathleen Ryan of the Washington Secretary of State Corporations
17   Division that said Defendant has none.

18       3.      That effective service of process cannot be made within the State of Washington
19   upon said Defendant.

20       **DATED** this _24th_ day of June, 2010.

21
                            TELQUIST ZIOBRO McMILLEN, PLLC
22

23
                            By:_____
24                             **ERIC B. EISINGER**, WSBA #34293
                               *Attorney for Plaintiff*
25

26

27

28

Affidavit of Non-Residence (RCW 4.28.185)              TELQUIST ZIOBRO MCMILLEN, PLLC
Ascension Parish                                        1333 Columbia Park Trail, Suite 110
Page 2 of 3                                             Richland, Washington 99352
                                                        PH: 509.737.8500
                                                        FAX: 509.737.9500

1

**SUBSCRIBED AND SWORN** to before me this _24_ day of June, 2010.

2

3



_Amber D. Peters_

4

**NOTARY PUBLIC** in and for the State of
Washington, residing at: _Richland_
My Commission Expires: _1-22-2011_ .

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Affidavit of Non-Residence (RCW 4.28.185)
Ascension Parish
Page 3 of 3

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington  99352
PH:  509.737.8500
FAX:  509.737.9500

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10   JUL 26   AM 1:43

BETTY J. GOULD CLERK

BY _____
                        DEPUTY

☐ **EXPEDITE**
☒ Hearing is set:
☐ Hearing is not set:
    Date:
    Time:
    Judge/Comm:

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THURSTON COUNTY

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

                                    Plaintiffs,

v.

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; MIKE
BURT, in his official and individual
capacities; JOHN LANE, in his official and
individual capacities; MARTY BROWN, in
his official and individual capacities;
RICHARD MITCHELL, in his official and
individual capacities; KING COUNTY, a
Washington municipality; STACI
CONNOLE, in her official and individual
capacities; THE STATE OF LOUISIANA;
LOUISIANA STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official
and individual capacities; ROCK
SCHENXNAYDRE, in his official and

Case No.:  10-2-01270-0

**AFFIDAVIT OF NON-RESIDENCE
(RCW 4.28.185)**

**ROCK SCHINXNAYDRE**

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

1  individual capacities; DEAN COATES, in
his official and individual capacities; JANE
2  DOES, in their official and individual
capacities; and JOHN DOES, in their official
3  and individual capacities;

4                                          Defendants.

5
   **STATE OF WASHINGTON**          )
6                                                :ss
7  *County of Benton*                      )

8       I, **ERIC B. EISINGER,** on oath, state:

9       1.  I am an attorney for the Plaintiff in the above-captioned action.  I am over the age of 18
10  and competent to testify as to the matters herein.

11      **2.**  The undersigned attorney has a reasonable basis to believe that the Defendant, Rock
12  Schinxnaydre, is not a resident of Washington State.

13      **3.**  That effective service of process cannot be made within the State of Washington upon
said Defendant.
14

15      **DATED** this _1st_ day of July, 2010.

16                          TELQUIST ZIOBRO MCMILLEN, PLLC

17

18                          By:_____
19                              **ERIC B. EISINGER,** WSBA#34293
                               Attorney for Plaintiff
20

21  **SUBSCRIBED AND SWORN** to before me this _1st_ day of July, 2010.

22                          _____
23                          **NOTARY PUBLIC** in and for the State of
24                          Washington, residing at: _Richland_
                           My Commission Expires: _1-22-2011_
25

26

27

28

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

2

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10   JUL 26   AN :43

BETTY J. GOULD CLERK

BY_____ DEPUTY

| |
|---|
| ☐ **EXPEDITE** |
| ☒ Hearing is set: |
| ☐ Hearing is not set: |
|     Date: |
|     Time: |
|     Judge/Comm: |

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THURSTON COUNTY**

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

                        Plaintiffs,

v.

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; MIKE
BURT, in his official and individual
capacities; JOHN LANE, in his official and
individual capacities; MARTY BROWN, in
his official and individual capacities;
RICHARD MITCHELL, in his official and
individual capacities; KING COUNTY, a
Washington municipality; STACI
CONNOLE, in her official and individual
capacities; THE STATE OF LOUISIANA;
LOUISIANA STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official
and individual capacities; ROCK
SCHENXNAYDRE, in his official and

Case No.:  10-2-01270-0

**AFFIDAVIT OF NON-RESIDENCE
(RCW 4.28.185)**

**ROBIN O'BANNON**

Affidavit of Non-Residence (RCW 4.28.185)
Robin O'Bannon

Page 1 of 2

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH:  509.737.8500
FAX:  509.737.9500

individual capacities; DEAN COATES, in
his official and individual capacities; JANE
DOES, in their official and individual
capacities; and JOHN DOES, in their official
and individual capacities;

                              Defendants.

**STATE OF WASHINGTON**          )
                                 :ss
*County of Benton*               )

    I, **ERIC B. EISINGER,** on oath, state:

    1.  I am an attorney for the Plaintiff in the above-captioned action.  I am over the age of 18 and competent to testify as to the matters herein.

    2.  The undersigned attorney has a reasonable basis to believe that the Defendant, Robin O'Bannon, is not a resident of Washington State.

    3.  That effective service of process cannot be made within the State of Washington upon said Defendant.

    **DATED** this _1st_ day of July, 2010.

                TELQUIST ZIOBRO MCMILLEN, PLLC

                By:_____
                **ERIC B. EISINGER**, WSBA#34293
                Attorney for Plaintiff

**SUBSCRIBED AND SWORN** to before me this _1st_ day of July, 2010.

                _Amber D. Peters_____
                **NOTARY PUBLIC** in and for the State of
                Washington, residing at: _Richland____
                My Commission Expires: _1-22-2011____

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX:  509.737.9500

2

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10 JUL 26 AM :43

BETTY J. GOULD CLERK

BY ———————— DEPUTY

1

2

3

4

5

☐ **EXPEDITE**
☑ Hearing is set:
☐ Hearing is not set:
     Date:
     Time:
     Judge/Comm:

6

7

8

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THURSTON COUNTY

9

10

11

NICHOLAS G. JENKINS, individually,
INTERNET COMMUNITY &
ENTERTAINMENT CORP. (d/b/a
BETCHA.COM), a Washington corporation,

Case No.: 10-2-01270-0

12

                                Plaintiffs,

**AFFIDAVIT OF NON-RESIDENCE
(RCW 4.28.185)**

13

v.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASHINGTON STATE GAMBLING
COMMISSION; THE STATE OF
WASHINGTON; RICK DAY, in his official
and individual capacities; SHARON REESE,
in her official and individual capacities;
RICK HERRINGTON, in his official and
individual capacities; LEE STREITZ, in his
official and individual capacities; MIKE
BURT, in his official and individual
capacities; JOHN LANE, in his official and
individual capacities; MARTY BROWN, in
his official and individual capacities;
RICHARD MITCHELL, in his official and
individual capacities; KING COUNTY, a
Washington municipality; STACI
CONNOLE, in her official and individual
capacities; THE STATE OF LOUISIANA;
LOUISIANA STATE POLICE GAMING
ENFORCEMENT; ASCENSION PARISH,
a Louisiana municipality; ROBIN
O'BANNON, in her official and individual
capacities; MATT SINANAN, in his official
and individual capacities; ROCK
SCHENXNAYDRE, in his official and

**LEE STREITZ**

TELQUIST ZIOBRO MCMILLEN, PLLC
1333 Columbia Park Trail, Suite 110
Richland, Washington 99352
PH: 509.737.8500
FAX: 509.737.9500

1  individual capacities; DEAN COATES, in
his official and individual capacities; JANE
2  DOES, in their official and individual
capacities; and JOHN DOES, in their official
3  and individual capacities;

4                                          Defendants.

5  **STATE OF WASHINGTON**          )
6                                   :ss
   *County of Benton*               )
7

8      I, **ERIC B. EISINGER,** on oath, state:

9      1.  I am an attorney for the Plaintiff in the above-captioned action.  I am over the age of 18

10 and competent to testify as to the matters herein.

11     **2.**  The undersigned attorney has a reasonable basis to believe that the Defendant, Rick

12 Streitz, is not a resident of Washington State.

13     **3.**  That effective service of process cannot be made within the State of Washington upon

14 said Defendant.

15     **DATED** this _6th_ day of July, 2010.

16                    TELQUIST ZIOBRO MCMILLEN, PLLC

17

18                    By: _____
19                    **ERIC B. EISINGER,** WSBA#34293
                      Attorney for Plaintiff
20

21     **SUBSCRIBED AND SWORN** to before me this _6th_ day of July, 2010.

22

23                    _____
                      **NOTARY PUBLIC** in and for the State of
24                    Washington, residing at: _Richland_

25                    My Commission Expires: _1-22-2011_

26

27

28

**Affidavit of Non-Residence (RCW 4.28.185)**
**Lee Streitz**

**Page 2 of 2**

2

FILED
SUPERIOR COURT
THURSTON COUNTY WA

'10 JUL 26 AM :42

BETTY J. GOULD CLERK

BY_____ DEPUT.

1   ☐ **EXPEDITE**
    ☑ Hearing is set:
2   ☐ Hearing is not set:
        Date:
3       Time:
        Judge/Comm:
4

5

6

7   **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
8   **IN AND FOR THURSTON COUNTY**

9   NICHOLAS G. JENKINS, individually,
10  INTERNET COMMUNITY &                    Case No.:  10-2-01270-0
    ENTERTAINMENT CORP. (d/b/a
11  BETCHA.COM), a Washington corporation,

12                              Plaintiffs,   **AFFIDAVIT OF NON-RESIDENCE**
                                             **(RCW 4.28.185)**
13  v.

14  WASHINGTON STATE GAMBLING
    COMMISSION; THE STATE OF             **SHARON REESE**
15  WASHINGTON; RICK DAY, in his official
16  and individual capacities; SHARON REESE,
    in her official and individual capacities;
17  RICK HERRINGTON, in his official and
    individual capacities; LEE STREITZ, in his
18  official and individual capacities; MIKE
    BURT, in his official and individual
19  capacities; JOHN LANE, in his official and
20  individual capacities; MARTY BROWN, in
    his official and individual capacities;
21  RICHARD MITCHELL, in his official and
22  individual capacities; KING COUNTY, a
    Washington municipality; STACI
23  CONNOLE, in her official and individual
    capacities; THE STATE OF LOUISIANA;
24  LOUISIANA STATE POLICE GAMING
25  ENFORCEMENT; ASCENSION PARISH,
    a Louisiana municipality; ROBIN
26  O'BANNON, in her official and individual
    capacities; MATT SINANAN, in his official
27  and individual capacities; ROCK
28  SCHENXNAYDRE, in his official and

Affidavit of Non-Residence (RCW 4.28.185)        TELQUIST ZIOBRO MCMILLEN, PLLC
Sharon Reese                                      1333 Columbia Park Trail, Suite 110
                                                     Richland, Washington 99352
Page 1 of 2                                          PH:  509.737.8500
                                                     FAX:  509.737.9500

1  individual capacities; DEAN COATES, in
   his official and individual capacities; JANE
2  DOES, in their official and individual
   capacities; and JOHN DOES, in their official
3  and individual capacities;

4                                    Defendants.

5
   **STATE OF WASHINGTON**          )
6                                    :ss
   *County of Benton*               )
7

8       I, **ERIC B. EISINGER,** on oath, state:

9      1.  I am an attorney for the Plaintiff in the above-captioned action.  I am over the age of 18

10 and competent to testify as to the matters herein.

11     2.  The undersigned attorney has a reasonable basis to believe that the Defendant, Sharon

12 Reese, is not a resident of Washington State.

13     3.  That effective service of process cannot be made within the State of Washington upon

14 said Defendant.

15     **DATED** this 7ᵗʰ day of July, 2010.

16                          TELQUIST ZIOBRO MCMILLEN, PLLC

17

18                          By:_____

19                              **ERIC B. EISINGER,** WSBA#34293
                                Attorney for Plaintiff
20

21 **SUBSCRIBED AND SWORN** to before me this 7ᵗʰ ____ day of July, 2010.

22                          _____
                            Amber D Peters
23                          **NOTARY PUBLIC** in and for the State of
                            Washington, residing at: _Richland_____
24
                            My Commission Expires:  _1-22-2011_____
25

26

27

28

---

**Affidavit of Non-Residence (RCW 4.28.185)**
**Sharon Reese**

Page 2 of 2